UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.   1:17-cr-00183-TWP-TAB |
| | ) |
| BUSTER HERNANDEZ, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

This matter, having come to the Court's attention on the Motion for Protective Order submitted by the United States of America and Defendant Buster Hernandez, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

This Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in discovery in the above-captioned case, and is identified or marked as "NIT Protected Material." The United States will make available at any Federal Bureau of Investigation ("FBI") facility the NIT Protected Material to defense counsel and defendant's expert witness, Matthew Miller, to comply with the government's discovery obligations.

Review of the NIT Protected Material is limited to the attorneys of record, members of the defense team employed by the Indiana Federal Community Defender's Office in Indianapolis, Indiana, and Matthew Miller, an expert retained

by the defense team (hereinafter collectively referred to as "members of the defense team").

The Government and the members of the defense team agree that the NIT Protected Material is law enforcement sensitive, and must remain in the possession of the FBI at all times. Accordingly, members of the defense team must examine the NIT Protected Material at an FBI facility. The United States will make the NIT Protected Material readily available for examination by members of the defense team at an FBI facility, and will not place undue limits to the time required to thoroughly examine the NIT Protected Material.

The attorneys of record and members of the defense team may review their findings regarding the NIT Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the NIT Protected Material, or information contained therein, to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of NIT Protected Material, or information contained therein, to the Defendant and other persons. The Defendant is not permitted to disclose the identity of software associated with the NIT Protected Material, nor any information regarding the NIT Protected Material to anyone other than members of the defense team.

Nothing in this order should be construed as an imposition of any discovery obligations on the government or the defendant apart from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, as well as the Local Criminal Rules. Any NIT Protected Material, or information contained therein, filed with the

Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

The provisions of this Order shall not terminate at the conclusion of this prosecution, unless Mr. Miller receives advance authorization from the Assistant United States Attorney, Tiffany J. Preston, or a representative from the United States Attorney's Office or the Federal Bureau of Investigation.  The provisions of this order includes Mr. Miller's practice as an expert, as well as any reference to or use of his examination of the NIT Protected Material in future proceedings.  It further includes disclosure of the NIT Protected Material to individuals other than the members of the defense team without express authorization in advance from the Assistant United States Attorney. The United States Attorney's Office and the Federal Bureau of Investigation shall not deny Mr. Miller's authorization for future disclosure unless there exists a reasonable basis for the denial.

Any violation of any term or condition of this Order by the Defendant, his attorney(s) of record, Matthew Miller, any member of the defense team, or any representative for the Department of Justice, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court. If the Defendant violates any term or condition of this Order, the United States

reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

IT IS SO ORDERED this \_\_\_\_ day of December, 2018.

_____
The Honorable Tanya Walton Pratt
United States District Court Judge
Southern District of Indiana