UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cr-00183-TWP-TAB |
| | ) | |
| BUSTER HERNANDEZ, | ) | |
|     Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS 4, 5, 6, 9, 23, 24, 25 AND 26 FOR LACK OF VENUE**

**Supporting Facts**

On September 7, 2017 Mr. Hernandez was charged in a 26-count indictment[1] with production of child pornography (18 U.S.C. §2251(a)), distributing child pornography (18 U.S.C. §2252A(a)(2)), threats to use explosive device (18 U.S.C. §844(e)), and threats to injure (18 U.S.C. § 875(c)).

The complaint states that the conduct constituting each offense occurred through internet communications. (complaint 4-8). Many of the charged Counts are based on conduct alleged to have occurred via internet communications between locations in Bakersfield, California and the Southern District of Indiana.

The Counts relating to Victim 2 are different. "Victim 2 resides in Michigan." (complaint 25). She is the named victim for Counts 4, 5 and 6. Counts 23 through 26 have, as named victims, family members of Victim 2 (Indictment) who were also located

---

[1] Counts 4, 5 and 6 are production of child pornography charges under 18 U.S.C. §2251(a). Count 9 is a distributing child pornography charge under 18 U.S.C. § 2252A(a)(2). Counts 23 through 26 are threats to injure under 18 U.S.C. §875(c).

in Michigan at the time of the respective offenses.  Count 9 was allegedly distributed to Victim 2 from California.

In the government's complaint, indictment and discovery submissions there are no claims of fact that Mr. Hernandez was ever anywhere other than Bakersfield, California during the offenses.  Further, there is no claim that Victim 2 or her relevant family members were ever anywhere other than Michigan.  Moreover, as to Victim 2, there are no facts indicating Mr. Hernandez ever transported, distributed or otherwise sent child pornography or threats from Michigan to Indiana, or vice versa.

As it relates to the charged offenses with Victim 2, the alleged communications were exclusively between Bakersfield, California and Michigan.  The conduct constituting the offenses in those respective counts began, continued and was completed exclusively in California and Michigan.

Count 9 relates to Victim 4.  Through discovery Counsel has learned that the Government does not know where Victim 4 is located, and did not at the time of the offense.  The Government's discovery indicates that the image that is the subject of Count 9 was distributed to Victim 2 in Michigan from California.  The image in Count 9 was never distributed to the Southern District of Indiana.

**Venue**

Because appropriate venue in criminal proceedings was of serious concern to the Nation's founders, the Constitution "twice safeguards the defendant's venue right." *United States v. Cabrales*, 524 U.S.1, 6 (1998).  The Constitution requires that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const, art. III, § 2, cl. 3.  This guarantee is reinforced by the Sixth Amendment's

declaration that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const, amend. VI.

Venue must be established for each count in an indictment charging a defendant with multiple offenses. *United States v. Angotti*, 105 F.3d 539, 541 (9th Cir. 1997); *United States v. Hirschfeld*, 964 F.2d 318, 321 (4th Cir. 1992); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989).  The government must prove venue is appropriate by a preponderance of the evidence. *United States v. Herrera-Ordones*, 190 F.3d 504, 509 (7th Cir. 1999).

**Essential Conduct Elements And The Determination Of Proper Venue**

"Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18.  Some offenses are "continuing offenses" where more than one appropriate venue may exist. Under 18 U.S.C. § 3237(a), offenses "begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  Every offense has an end-point, including continuing offenses.  *United States v. Hernandez*, 189 F.3d 785, 791 (9th Cir. 1999).

In *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999), the Supreme Court instructed that a district court determining the suitability of a particular venue "must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *Id.* at 279.   The Court held that venue lies only in those jurisdictions where an "essential conduct element" took place (venue

appropriate for 18 U.S.C. § 924(c) prosecution in location where attached crime of violence – kidnapping- occurred despite gun not being present there).

**The Southern District Of Indiana Is Not An Appropriate Venue For Counts 4, 5, 6, 9, 23, 24, 25, or 26 Because No Essential Conduct Element Occurred Here.**

Venue is not proper in the Southern District of Indiana for any Count that implicates Victim 2 and her family. According to the Government's indictment Buster Hernandez did not commit any of the essential conduct elements in counts 4, 5, 6, 9, 23, 24, 25 or 26 within the Southern District of Indiana.

The fact that Mr. Hernandez is currently in the Southern District of Indiana because he was brought here in Government custody does not confer venue. As it relates to these eight counts he was apprehended in California for conduct occurring there and in Michigan. *United States v. Orona-Ibarra*, 831 F.3d 867, 874 (7th Cir. 2016).

According to all available information provided by the Government, Mr. Hernandez did not commit any essential element related to Counts 4, 5, 6, 9, 23, 24, 25, or 26 in the Southern District of Indiana. None of the "essential conduct elements" involved the Southern District of Indiana. Because the nature of the alleged crimes and the location of the conduct constituting the offenses occurred exclusively in Michigan and California, these counts should be dismissed for lack of venue.

*Even As Continuing Offenses, SDIN Is Not An Appropriate Venue*

These offenses may be considered continuing offenses under § 3237(a) because they started and were completed in different locations, California and Michigan respectively. The statutes include the conduct element "transportation in interstate or foreign commerce" as defined in §3237(a). As such, the proper venue for prosecuting

those charges is in "any district from, through, or into which such commerce, mail matter, or imported object or person moves" until the offenses are completed.

Mr. Hernandez's conduct (based on the Government's allegations) began in Bakersfield, California and continued via communication directly with Victim 2 in Michigan. It was completed exclusively between those two locations and did not pass "from, through, or into" the Southern District of Indiana. The fact that Mr. Hernandez has different charged counts where venue may be appropriate – where he is alleged to have communicated within the SDIN – does not create venue for these counts because venue must be established for each individual count.

### *Count 9 And Victim 4*

Victim 4 is the named victim in Count 9. The Government bears the burden to prove the appropriateness of a particular venue by a preponderance of the evidence. Discovery has revealed that Victim 4's location at the time of the conduct described by Count 9 was unknown. Further, the Government believes the Defendant distributed the image that constitutes the offense from Bakersfield to Michigan. The image was not distributed to the Southern District of Indiana. Therefore, venue is lacking as to Count 9 in the Southern District of Indiana.

### Conclusion

Venue is not proper in the Southern District of Indiana. For the reasons stated herein, Mr. Hernandez moves this Court to dismiss Counts 4, 5, 6, 9, 23, 24, 25 and 26 of the indictment.

Respectfully submitted,

*Joseph M. Cleary*
Joseph M. Cleary


*Loren M. Collins*
Loren M. Collins
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520