**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00183-TWP-TAB |
| | ) | |
| BUSTER HERNANDEZ | ) | |
|   a/k/a BRIAN KIL | ) | |
|   a/k/a BRIANNA KILLIAN | ) | |
|   a/k/a BRIAN MIL | ) | |
|   a/k/a GREG MARTAIN | ) | |
|   a/k/a PURGE OF MAINE | ) | |
|   a/k/a UYGT9@HUSHMAIL.COM | ) | |
|   a/k/a JARE9302@HUSHMAIL.COM | ) | |
|   a/k/a DTVX1@HUSHMAIL.COM | ) | |
|   a/k/a LEAKED_HACKS1 | ) | |
|   a/k/a CLOSED DOOR | ) | |
|   a/k/a CLOSED COLOR | ) | |
|   a/k/a CLUTTER REMOVED | ) | |
|   a/k/a COLOR RAIN | ) | |
|   a/k/a PLOT DRAW | ) | |
|   a/k/a INVIL CABLE, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

A superseding indictment has been filed in this case. The Court notes that the Superseding Indictment does not automatically void the original indictment. *See United States v. Drasen*, 845 F.2d 731, 732 n. 2 (7th Cir. 1988) ("The superseding indictment does not affect our review of the original indictment. It is well established that two indictments may be outstanding at the same time for the same offense if jeopardy has not attached to the first indictment. The government may then select the indictment under which to proceed at trial."); *United States v. Chester,* 2017 WL 3394746, *48 (N.D. Ill. 2017) ("[I]t is not true that a superseding indictment 'replaces' the previous indictment in the sense of nullifying it . . . . An indictment remains valid until the court grants a

motion to dismiss it; it is not the case that 'a superseding indictment instantaneously nullifies the original indictment'") (quoting *United States v. Vavlitis*, 9 F.3d 206, 209 (1st Cir. 1993)); *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (original indictment remains pending after superseding indictment filed, until it is formally dismissed); *United States v. Bowen*, 946 F.2d 734, 736 (11th Cir. 1991) (rejecting the notion "that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air").

The government must move to dismiss any charges in the original indictment it no longer seeks to pursue based on the superseding indictment. The government may do so by moving to dismiss the entire original indictment or one or more specific charges as to one or more individual defendants.

IT IS SO ORDERED.

Date:   7/9/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tiffany.preston@usdoj.gov