UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Cause No.  1:17-cr-00183-TWP-TAB | |
| | ) | |
| BUSTER HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S REQUEST FOR NOTICE FROM DEFENDANT</u>**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, Tiffany J. Preston and Kristina Korobov, Assistant United States Attorneys, hereby requests notice from the Defendant of any intent to suggest or argue to the jury that a specific other person(s) committed the offenses in the Superseding Indictment.

In the instant case, the Government believes that the Defendant will raise the defense of identity, arguing that the Government cannot prove that it was Buster Hernandez who committed the charged offenses.  It is the Government's position that this defense – failure to prove the case beyond a reasonable doubt – is different from an argument by the Defendant that a specific person or persons could have committed the offenses or has somehow set up the Defendant.  The former is a permissible defense.  "Generally, criminal defendants have the right to introduce evidence before a jury that might influence the determination of guilt. *See Taylor v. Illinois,* 484 U.S. 400, 408 (1988)."  *Hicks v. United States,* 307 Fed.Appx. 758 (2009) (Unpublished decision).

In order to suggest, however, that a specific person is responsible for the criminal conduct, the Defendant must establish a nexus between the charged conduct and the person accused by the Defendant. The *Hicks* case cited to published decisions by other circuits including the First, Second, and Tenth circuits:

> "When determining whether evidence of an alternative perpetrator should be admitted at trial, other Courts of Appeals have found that such evidence "is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation on the part of the defendant." *DiBenedetto v. Hall,* 272 F.3d 1, 8 (1st Cir.2001). *See Wade v. Mantello,* 333 F.3d 51, 60 (2d Cir.2003) (finding that third-party animus did not establish sufficient connection); *United States v. Jordan,* 485 F.3d 1214, 1219 (10th Cir.2007) (holding there must be a nexus between crime charged and alleged alternative perpetrator). In each of these cases, the courts balanced two evidentiary values: the admission of relevant evidence probative of defendant's guilt or innocence with "the exclusion of prejudicial, misleading, and confusing evidence." *Jordan,* 485 F.3d at 1218.

*Id at* 761.

For the Defendant to suggest a specific alternative perpetrator, the Defendant "'must show that his proffered evidence on the alleged alternative perpetrator is *sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the asserted 'alternative perpetrator.'* It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." *Jordan* at 1219, citing to *United States v. Timothy McVeigh,* 153 F.3d 1166, 1191 (10th Cir. 1998). The Supreme Court has also indicated that if the alternative perpetrator evidence is "so remote and lack such connection with the crime," it is permissible to exclude the evidence. *Holmes v. South Carolina,* 547 U.S. 319, 327 (2006).

In order to argue that an alternative perpetrator committed the offenses in the Superseding Indictment, the Defendant must satisfy the nexus requirement. Certainly, the

Defendant is entitled to present evidence regarding individuals who could have committed the offenses *if* the Defendant can "satisfy the nexus requirements set out by both the Supreme Court [in *Holmes*] . . ." for arguing that specific persons are "the actual guilty party." *United States v. Meisel*, 875 F.3d 983, 998 (10th Cir. 2017).

In the case before the Court, the Government is requesting notice from the Defendant of any intent to suggest a specific alternative perpetrator or to offer evidence to this effect.  If this is the Defendant's intent, the Government would then request that the Defendant proffer the evidence that will show a nexus between the crime charged and the asserted alternative perpetrator.  This is needed to allow the Court to properly determine, outside the presence of the jury, whether such evidence is admissible and such argument is permissible.

WHEREFORE the Government requests this Court issue a ruling *in limine* that the Defendant provide notice to the Court and the Government of its intent to present evidence of an alternate perpetrator or to argue that a specific alternate perpetrator or perpetrators committed the offenses charged in the Superseding Indictment.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/ Tiffany J. Preston*
Tiffany J. Preston
Assistant United States Attorney

*s/ Kristina M. Korobov*
Kristina M. Korobov
Assistant United States Attorney

Case 1:17-cr-00183-TWP-TAB   Document 70   Filed 01/06/20   Page 4 of 4 PageID #: 298

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2020, a copy of the foregoing Government's Notice of Intent to Use Evidence under F.R.E. 414 and 404 was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Date:   January 7, 2020                    Respectfully submitted,

                                           JOSH J. MINKLER
                                           United States Attorney



                              By:   *s/ Tiffany J. Preston*
                                    Tiffany J. Preston
                                    Assistant United States Attorney
                                    10 West Market Street, Suite 2100
                                    Indianapolis, IN  46204-3048
                                    Telephone:  317-226-6333
                                    Fax:  317-229-6125
                                    Email:  tiffany.preston@usdoj.gov

                              By:   *s/Kristina M. Korobov*
                                    Kristina M. Korobov
                                    Assistant United States Attorney
                                    10 West Market Street, Suite 2100
                                    Indianapolis, IN  46204-3048
                                    Telephone:  317-226-6333
                                    Fax:  317-229-6125
                                    Email:  kristina.korobov@usdoj.gov

4