UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CASE NO. 1:17-cr-0183-LJM-TAB |
| ) | |
| BUSTER HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT BUSTER HERNANDEZ'S MOTION IN LIMINE

The Defendant, Buster Hernandez, by counsel, Mario Garcia, moves the Court to instruct the Plaintiff, its witnesses, and its counsel not to mention, refer, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, regarding: (a) the Defendant's prior criminal history, including charges, arrests, convictions, and any sentence, term or status of probation or parole as set forth below; (b) all evidence of uncharged misconduct of the Defendant for which the Plaintiff has not provided the Defendant with a notice of intent to use such evidence at trial; (c) all evidence of uncharged misconduct not directly related to the crimes as charged in the Superseding Indictment filed in this case; (d) all statements mentioning Defendant where the maker of the statement will not be subject to cross-examination; all without first obtaining permission of the Court outside the presence and hearing of the jury.

Furthermore, the Court should instruct the opposing party, its witnesses and its counsel not to make any reference to the fact that this Motion has been filed and to warn and caution each and every one of the Plaintiff's witnesses to strictly follow these same instructions.

In support of this Motion, the Defendant alleges and says:

1. <u>Prior Criminal History/Charged or alleged Criminal Conduct:</u>

The Government has not yet provided any information on any prior arrest, conviction, sentence or term of probation for any prior criminal case involving the Defendant and which the Defendant received previously; consequently, none, if any exist, should be introduced as evidence or referred to at trial.

The Government has not yet provided any notice of its intent to use information about any pending charges/related investigations into the Defendant's alleged conduct. There are pending charges relating to allegations of sexual exploitation of a child and enticement, production of child pornography and threats to injure persons filed by the Government via a Complaint against the Defendant on April 29, 2019 in the Eastern District of Michigan, under Case No. 2:19-mj-30214. Additionally, the Government has alleged that the Defendant has "victimized minors in at least ten federal districts". See Doc. 2 Complaint in Case No. 1:17-mj-00661 filed in this Court.

In the event the Defendant takes the stand to testify in his own defense, the Plaintiff is certainly permitted to argue that prior convictions are within the scope of Fed. R. Evid. 609 and admissible for impeachment purposes, but none are known at this time.

Absent such testimony, information regarding Defendant's prior criminal history, including both arrests, charges, allegations, convictions, sentences, status or term of probation or parole, including but not limited to those referenced above, is irrelevant and unduly prejudicial. Such evidence will cause prejudice and harm to the Defendant which substantially outweighs its probative value. Federal Rules of Evidence, Rule 403, 404, 608 and 609; <u>U.S. v. Puckett,</u> 405 F.3d 589, 596 (7th Cir. 2005); <u>U.S. v. Degeratto</u>, 876 F.2d 576 (7th Cir. 1989); and <u>U.S. v. Coades</u>, 549 F.2d 1303 (8th Cir. 1977).

  2. <u>Uncharged Conduct:</u>

  All other evidence of uncharged misconduct of the Defendant for which the Plaintiff has not provided the Defendant with a notice of intent to use such evidence at trial, or which may generally be admissible but is overly prejudicial to the Defendant. <u>U.S. v. Gotti</u>, 784 F.Supp 1017 (E.D. N.Y. 1992); Federal Rules of Evidence, Rules 403, 404, 608 and 609.  Due to the breadth of the allegations being made by the Government about the Defendant's conduct, there is a plethora of uncharged conduct that should not be referred to or introduced as evidence against the Defendant.

  Specifically, the Government has alleged in the Superseding Indictment filed against the Defendant that they believe the Defendant used the Internet to "*sexually extort hundreds of adult and minor victims throughout the United States and at least one foreign Country*."  See para 22 of the Superseding Indictment, Doc. No. 57 (emphasis added).  The Government generally alleges the Defendant would use typical threats to obtain or provide alleged minor victims with typical instructions on how to produce pornographic images that he would want sent to him and has cited to "examples" of such conduct by him.  See para 22 (a) and (d) of the Superseding Indictment, Doc. No. 57.  Any reference to other alleged victims of the Defendant who are not victims of the crimes charged in the Superseeding Indictment here should be prohibited as it would be irrelevant, inadmissible, or alternatively if it were admissible, such information would be unfair and overly prejudicial to the Defendant.

  The Government has alleged that *"hundreds of victims"* have complied with the Defendant's demands and sent him images and videos depicting themselves engaging in sexually explicit conduct.  See para 22 (f) of the Superseding Indictment, Doc. No. 57 (emphasis added).  Again, any reference to other alleged victims of the Defendant who are not victims of the crimes

charged in the Superseeding Indictment here should be prohibited as it would be irrelevant, inadmissible, or alternatively if it were admissible, such information would be unfair and overly prejudicial to the Defendant.

The Government has also alleged that the Defendant opened *"hundreds"* of email and social media accounts using numerous alleged aliases and used *"multiple"* email service providers located outside of the United States to evade detection. See para 24 (a) (b) and (c) of the Superseding Indictment, Doc. No. 57 (emphasis added). Based on a review of the Government's proposed Exhibit list, it appears the Government may try and establish that the Defendant allegedly used dozens of different aliases and several email service providers in communicating with the alleged victims of the crimes charged in the Superseeding Indictment here. Such information, if related to the specific victims of the crimes charged in the Superseeding Indictment, seems appropriate.

However, on information and belief, the Government may also try and introduce evidence of uncharged conduct (i.e. e-mail or social media messages sent to other victims by many other aliases) which it believes were also the work of the Defendant. These victims are not victims of the crimes charged in the Superseeding Indictment in this case. Any reference to other alleged aliases of the Defendant or email service providers allegedly used by the Defendant in communicating with victims who are not directly related to the victims of the crimes charged in the Superseeding Indictment should be prohibited as it would be irrelevant, inadmissible, or alternatively if it were admissible such information would be unfair and overly prejudicial to the Defendant.

Finally, the Government has alleged that the Defendant used multiple encrypted hard disc drives and created encrypted containers on external storage media in an effort to prevent law

enforcement from accessing or discovering evidence of child pornography he had received through extortion. See para 22 (j) of the Superseding Indictment, Doc. No. 57.  Any reference or allegation as to the encrypted nature of the hard disc drives or encrypted containers on external storage media or possible evidence of child pornography on them should be prohibited as it would be irrelevant, inadmissible, or alternatively if it were admissible such information would be unfair and overly prejudicial to the Defendant.

In sum, all the forgoing allegations, if heard by the jury, would be unfair and overly prejudicial to the Defendant.  While the Government is certainly permitted to refer to specific messages, types of communications, and means of communicating with the victims relating to the charges in this case, to allow the Government to offer other evidence that the Defendant has conducted himself in similar ways against hundreds of victims across the United States and elsewhere is too highly prejudicial, would be patently unfair to the Defendant, and any reference to the above should not be made by the Government or its witnesses.

3. Finally, all statements mentioning Defendant where the maker of the statement will not be subject to cross-examination shall be excluded pursuant to Bruton v. U.S., 391 U.S. 123 (1968).

WHEREFORE, the Defendant, by counsel, prays that his Motion in Limine be granted as to the matters described above and for all other just and proper relief.

Respectfully submitted,

BRATTAIN MINNIX GARCIA

By  /s/ Mario Garcia
Mario Garcia, #21638-49
One Indiana Square, Suite 2625
Indianapolis, Indiana 46204
(317) 231-1750x5
mario@bmdindy.com
Attorney for Buster Hernandez

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

  /s/ Mario Garcia
Mario Garcia