UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
      vs.                       )       CASE NO. 1:17-cr-0183-LJM-TAB
                                )
BUSTER HERNANDEZ,               )
                                )
              Defendant.        )

DEFENDANT BUSTER HERNANDEZ'S MOTION TO STRIKE
SURPLUSAGE FROM SUPERSEDING INDICTMENT

Defendant, Buster Hernandez, by counsel, Mario Garcia, respectfully requests this Court, pursuant to Fed. Criminal Procedure Rule 7(d), to strike from the Superseding Indictment, the following surplusage as the paragraphs or portions of the paragraphs are irrelevant, unnecessary and prejudicial surplusage and included in a manner that will be overly prejudicial to the Defendant.  The forgoing language is designed to unnecessarily and unfairly inflame the emotions of the jurors or suggest that they accept them as established fact, regardless of proof or relevance to the specific crimes charged against the Defendant in this case.  They are:

1.  Parts of paragraph 22 which alleges "Buster HERNANDEZ used the Internet to sexually extort hundreds of adult and minor victims throughout the United States and at least one foreign county."

2.  Parts of paragraph 23(a), which alleges "HERNANDEZ contacted individuals (typically minors) by sending a private message, and saying, for example, "Hi [Victim Name,] I have to ask you something."

3.   Parts of paragraph 23(d), which alleges "HERNANDEZ typically sent his instructions via the Internet using several screen shots, including the following instructions as set forth in the Superseding Indictment.

4.   Parts of paragraph 23(e), which alleges, "Since at least 2012, hundreds of victims, mostly minors, complied with HERNANDEZ's demands and sent HERNANDEZ images and videos depicting themselves engaging in sexually explicit conduct."

5.   Parts of paragraph 23(f), which alleges, "HERNANDEZ typically began extorting victims when they were between the ages of twelve to fifteen years old."

6.   Parts of paragraph 23(h), which alleges, "HERNANDEZ frequently told his victims, "what a shame", or "it's a shame" and falsely claimed he was getting ready to stop extorting them after that one last demand."

7.   Parts of paragraph 23(i), which alleges, "HERNANDEZ sexually exploited some of his victims for years, and continued to extort them even after they turned eighteen years old."

8.   Parts of paragraph 23(j), which alleges "HERNANDEZ also encouraged some of his victims to kill themselves."

9.   Parts of paragraph 24(a), which alleges HERNANDEZ used aliases other than those the Government intends to introduce as being alias relevant to its victims in this case, such as the following to hide his true identity:

    Brianna Killian,
    Brian Mil,
    Greg Martain,
    Purge of Maine,
    uygt9@hushmail.com,
    jare9302@hushmail.com,
    Dtvx1@hustmail.com,
    Leaked_hacks1,
    Closed Door,
    Closed Color,

Clutter Removed,
Color Rain,
Plot Draw; and
Invil Cable."

10. Parts of paragraph 24(b), which alleges "HERNANDEZ opened hundreds of e-mail and social media accounts using numerous aliases then quickly ceased using the accounts in an intentional effort to impede or delay law enforcement investigative action on those accounts."

11. Parts of paragraph 24(c), which alleges "HERNANDEZ used multiple e-mail service providers located outside the United States that are commonly discussed in online communities as not having records readily available to United States law enforcement during the course of criminal investigations, and as a method of tradecraft for obfuscation."

12. Parts of paragraph 24(j), which alleges "HERNANDEZ encrypted multiple hard disc drives and created encrypted containers on external storage media in an intentional effort to prevent law enforcement from accessing evidence such as the child pornography and pornography he received through extortion."

13. Paragraph 33, which alleges "On December 17, 2015, HERNANDEZ, using the name Brian Kil, posted, "Danville is still open.  Maybe I'll settle on some faggots and niggers at Danville."

14. The Federal Rules of Criminal Procedure provide that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "[S]urplusage may be stricken from the indictment if the court finds the language to be immaterial, irrelevant, or prejudicial." *United States v. Marshall,* 985 F.2d 901, 905 (7th Cir. 1993); see also *United States v. O'Connor*, 656 F.3d 630, 645 (7th Cir. 2011).

15. Here, the Distict Court should review the content of each of the forgoing paragraphs to determine if part of all of the allegations contained in the Superseeding Indictment are appropriately included or if the inclusion of which is unfairly prejudicial to the Defendant.

16. The Defendant, by counsel, would be prepared to argue at the parties' final pretrial conference why the forgoing allegations are unfairly prejudicial and how the allegations may be revised to strike a balance between the Government's right to allege reasonable allegations but not to the point of including allegations or inuendo that unfairly prejudices the Defendant from having a fair trial as guaranteed by the 6th Amendment to the United States Constitution and Rule 7 (d) of the Federal Rules of Criminal Procedure.

For these reasons the Defendant, by counsel respectfully requests the Court conduct a hearing on this Motion and to grant this Motion to Strike the above-referenced language from the Superseding Indictment and for all other just and proper relief.

Respectfully submitted,

BRATTAIN MINNIX GARCIA

By /s/ Mario Garcia
Mario Garcia, #21638-49
One Indiana Square, #2625
Indianapolis, Indiana  46204
(317) 231-1750
Attorney for Defendant
mario@bmgindy.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7TH day of January, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system or by email.  Parties may access this filing through the Court's system.

<u>/s/ Mario Garcia</u>
Mario Garcia