UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Cause No.: 1:17-CR-0183-TWP-TAB |
| | ) |
| BUSTER HERNANDEZ, | ) |
| (a.k.a. Brian Kil, Brianna Killian, Brian Mil, | ) |
| Greg Martain, Purge of Maine, | ) |
| uygt9@hushmail.com, jare9302@hushmail.com, | ) |
| Dtvx1@hushmail.com, Leaked_hacks1, | ) |
| Closed Door, Closed Color, Clutter Removed, | ) |
| Color Rain, Plot Draw, and Invil Cable) | ) |
| | ) |
| *Defendant*. | ) |

## GOVERNMENT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, Tiffany J. Preston and Kristina M. Korobov, Assistant United States Attorneys, hereby files its Proposed Preliminary Jury Instructions in the above-captioned matter.

This set of instructions has been reviewed by defense counsel, and counsel for the defense has no objection to these preliminary instructions. The government reserves the right to supplement such further instructions as may become necessary.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney

    By: /s/ Tiffany J. Preston
    Tiffany J. Preston
    Assistant United States Attorney

PRELIMINARY INSTRUCTION NO. 1 (Pattern 10.01)

Ladies and gentlemen:  You are now the jury in this case. I would like to take a few minutes to describe your duties as jurors and to give you instructions concerning the case.

As the judge in this case, one of my duties is to decide all questions of law and procedure. In these preliminary instructions, during the trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions I am giving you now.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant's guilt beyond a reasonable doubt.

You must perform these duties fairly and impartially.  Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You should not take anything I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

PRELIMINARY INSTRUCTION NO. 2

This is a criminal case that has been brought by the United States of America against the Defendant, Buster Hernandez.  I will sometimes refer to the Government as the Prosecution.  I will sometimes refer to Mr. Hernandez as the Defendant.

PRELIMINARY INSTRUCTION NO. 3 (Pattern 10.02)

The charges against the Defendant are in a document called a Superseding Indictment. The Superseding Indictment in this case charges that the Defendant committed the crimes of Sexual Exploitation of a Child, Coercion and Enticement of a Minor, Distributing and Receiving Child Pornography, Threats to Use Explosive Devices, Threats and Extortion, Threats to Kill, Kidnap, and Injure, Witness Tampering, Obstruction of Justice, and Retaliating Against a Witness or Victim.  The Defendant has plead not guilty to the charges.

The Superseding Indictment is simply the formal way of telling the Defendant what crimes he is accused of committing. It is not evidence that the Defendant is guilty. It does not even raise a suspicion of guilt.

The Superseding Indictment reads as follows:

PRELIMINARY INSTRUCTION NO. 4 (Pattern 10.03)

The Defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the Defendant is guilty as charged.

The Government has the burden of proving the Defendant's guilt beyond a reasonable doubt. This burden of proof stays with the Government throughout the case. The Defendant is never required to prove his innocence. He is not required to produce any evidence at all.

PRELIMINARY INSTRUCTION NO. 5

A defendant has an absolute right not to testify or present evidence. You may not consider in any way if Mr. Hernandez does not testify or present evidence.

<u>PRELIMINARY INSTRUCTION NO. 6 (Pattern 10.04)</u>

You may consider only the evidence that you see and hear in court. You may not consider anything you may see or hear outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses say when they are testifying under oath, the exhibits that I allow into evidence, and any facts to which the parties stipulate.  A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. Any statements and arguments that the lawyers make are not evidence. If what a lawyer says is different from the evidence as you hear or see it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question or evidence is improper. When an objection is made, I will be required to rule on the objection. If I sustain an objection to a question a lawyer asks, you must not speculate on what the answer might have been. If I strike testimony or an exhibit from the record, or tell you to disregard something, you must not consider it.

Pay close attention to the evidence as it is being presented. During your deliberations, you will have any exhibits that I allow into evidence, but you will not have a transcript of the testimony. You will have to make your decision based on what you recall of the evidence.

## PRELIMINARY INSTRUCTION NO. 7 (Pattern 10.06)

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Indirect evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

PRELIMINARY INSTRUCTION NO. 8 (Pattern 10.07, 10.08, 10.09)

You are the exclusive judges of the evidence, the credibility of the witnesses, and the weight to be given to the testimony of each of them. Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Part of your job as jurors will be is to decide how believable each witness was, and how much weight to give each witness's testimony. I will give you additional instructions about this at the end of the trial.

Do not make any decisions by simply counting the number of witnesses who testified about a certain point. What is important is how believable the witnesses were and how much weight you think their testimony deserves.

## PRELIMINARY INSTRUCTION NO. 9

You will hear the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## PRELIMINARY INSTRUCTION NO. 10 (Pattern 10.10)

You will be permitted to take notes during the trial. If you take notes, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

PRELIMINARY INSTRUCTION NO. 11 (Pattern 10.11)

Lastly, I want to discuss several rules of conduct that you must follow as jurors.

First, you should keep an open mind throughout the trial. Do not make up your mind about what your verdict should be until after the trial is over, you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Your verdict in this case must be based exclusively on the law as I give it to you and the evidence that is presented during the trial. For this reason, and to ensure fairness to both sides in this case, you must obey the following rules. These rules apply both when you are here in court and when you are not in court. They apply until after you have returned your verdict in the case.

1. You must not discuss the case, including among yourselves, until you go to the jury room to deliberate after the trial is completed.

2. You must not communicate with anyone else about this case, including anyone who is involved in the case, until after you have returned your verdict.

3. When you are not in the courtroom, you must not allow anyone to communicate with you about the case or give you any information about the case, or about anyone who is involved in the case. If someone tries to communicate with you about the case or someone who is involved in the case, or if you overhear or learn any information about the case or someone involved in the case when you are not in the courtroom, you must report this to me promptly.

4. You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court.  However, you must not communicate with them about the case or anyone who is involved in the case until after you have returned your verdict.

5. All of the information that you will need to decide the case will be presented here in court.

You may not look up, obtain, or consider information from any outside source. There are two reasons for these rules. First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading. When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, I am referring to any and all means by which people communicate or obtain information.

This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry or similar device, PDA, computer, the Internet, text messaging, emails, chat rooms, blogs, social networking websites like Facebook, YouTube, Twitter, GooglePlus, LinkedIn, SnapChat or any other form of communication at all.  If you hear, see, or receive any information about the case by these or any other means, you must report that to me immediately.

## PRELIMINARY INSTRUCTION NO. 12 (Pattern 10.12)

We are now ready to begin the trial. The trial will proceed in the following manner:

First, each side's attorneys may make an opening statement. An opening statement is not evidence. Rather, it is a summary of what each side's attorneys expect the evidence will show.

After the opening statements, you will hear the evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

That completes my opening comments to you. We will now hear from the attorney for the Government.

       Respectfully submitted,

       JOSH J. MINKLER
       United States Attorney

By: <u>s/Tiffany J. Preston</u>
   Tiffany J. Preston
   Assistant United States Attorney
   Office of the United States Attorney
   10 W. Market St., Suite 2100
   Indianapolis, Indiana 46204-3048
   Telephone: (317) 226-6333
   Fax: (317) 226-6125
   E-mail: Tiffany.Preston@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, a copy of the Government's Proposed Preliminary Jury Instructions was filed electronically. Notice of this filing will be sent to all applicable parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   s/ Tiffany J. Preston
      Tiffany J. Preston
      Assistant United States Attorney