UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Cause No. 1:17-cr-183-TWP-TAB |
| | ) |
| BUSTER HERNANDEZ, | ) |
| | ) |
| *Defendant*. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* (Dkt. 74)**

The United States, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Tiffany J. Preston and Kristina M. Korobov, Assistant United States Attorneys, hereby responds to the Defendant's Motion *in Limine* (Dkt. 74):

1. <u>Prior Criminal History/Charged or alleged Criminal Conduct:</u>   The Government does not object to the Defendant's request that the Government abide by F. R. E. 609.   The Government also does not intend to mention or to present as evidence the pending charges against the Defendant in the Eastern District of Michigan. As the Government noticed in its Notice of Intent to Use Uncharged Conduct Evidence (Dkt. 71), the Government intends to present evidence of uncharged conduct and has made its argument as to the admissibility of the evidence in its filing.

2. <u>Uncharged Conduct:</u>   The Government will address its response to the Defendant's motion in the order of the arguments he presented.

    A.    The Defendant has moved to exclude "all other evidence of uncharged misconduct of the Defendant for which the Plaintiff has not provided the Defendant with a notice of intent to use such evidence at trial, or which may generally be admissible but

is overly prejudicial to the Defendant."   The Government has filed its Notice of Intent to Offer Evidence, including under Federal Rules 414 and 404(b) (Dkt. 71) and stands on that filing.

  B. <u>Objection to Paragraph 22 of Superseding Indictment:</u>

    i. The Defendant objects to any reference to the Defendant's use of the Internet to "sexually extort hundreds of adult and minor victims throughout the United States and at least one foreign Country" and the allegation that the Defendant has "hundreds of victims."   The Government does not object to this request, with limitations:

      a. Statements and assertions made by the Defendant himself to Victims 1, 2, 3, 4, 5, 6, 7, and 11.   This Defendant frequently bragged to his charged victims, as well as Victim 2 and Victim 11, that he had "hundreds of slaves" and he often messaged about the ways that he was exposing "slaves" who were not obedient as a means to coerce victims to remain compliant and silent.

      b. The Government will also present evidence that there are other online accounts that we believe were used by the Defendant to anonymously communicate with other individuals in a threatening, coercive, and deceptive manner during the same times that he was communicating with the charged victims.   This evidence is not being used for any forbidden inference, or even to explore the content of the messaging.   Rather the Government will present this evidence to prove that the Defendant is the person behind those accounts and to show that all of these accounts were never used again after Buster Hernandez was

arrested, which is proof that the Defendant is the person who committed the charged offenses.

  ii. <u>Use of Threats:</u> The Defendant is objecting to the language "the Defendant would use typical threats to obtain or provide alleged minor victims with typical instructions on how to produce pornographic images that he would want sent to him."  In this case, the Defendant is charged with the offenses of Sexual Exploitation of a Child and Coercion and Enticement (18 U.S.C. §2422(b)).  The Government is required to produce such evidence in order to prove its case.  The Defendant is also objecting to the use of evidence of threats made to any uncharged victims.  Such evidence is admissible under F.R.E. 414 and as well as F.R.E. 404(b) as *modus operandi* and identity of perpetrator of charged offenses.

 C. <u>Objection to Paragraph 24 (a)(b)(and (c):</u> The Defendant objects to the presentation of evidence that the Defendant had "hundreds" of email and social media accounts using numerous alleged aliases and used "multiple" email service providers located outside of the United States to evade detection."  This evidence is part of the Defendant's criminal tradecraft and was a means that he used to evade detection, including with respect to the charged victims.

  i. The Government has, in its possession, 199 social media and email accounts that it can link to the Defendant. The Government *does not* intend to present the contents of these accounts as evidence.  The Government does, however, intend to make mention and use of evidence from the accounts that are linked to the charged victims as well as Victims 2 and 11 as evidence of identity of the perpetrator.

      ii.      There is no danger of unfair prejudice since there is nothing illegal or "wrong" about having multiple email accounts or using different online identities.  Again, the Government suspects that many prospective jurors have multiple email accounts, with perfectly legitimate rational for doing so.

    D.      Uncharged Conduct-Encryption:    The Defendant also objects to referring to the fact that the Defendant was in possession of encrypted devices, storage media and containers, asserting that this is "irrelevant inadmissible or alternatively if it were admissible such information would be unfair and overly prejudicial to the Defendant." *Id. at 5*.

      i.      Encrypted Devices:    The Defendant was found in possession of the following devices which are encrypted:   two thumb drives, a Seagate Hard drive and a Western Digital Hard Drive.

      ii.      Identity Defense: On information and belief, the Defendant is not contesting that *someone* exploited, coerced, and extorted the charged victims, but rather he simply alleges that the Government cannot prove that the *Defendant* is the person who committed the offenses.   The encryption evidence is relevant to the issue of identity of the perpetrator, and there is actually no danger of unfair prejudice for two (2) reasons:   1) there is nothing illegal or inappropriate about possessing a device that is encrypted and 2) the Defendant can simply decrypt these devices and end the issue.   The fact that there are encrypted devices is a situation created by the Defendant, who has a choice:   admit that the he is the person who committed the charged conduct *or* he can accept that the Government is entitled to present evidence that proves the issue of identity *or* decrypt the devices.

4

   iii. <u>Evidentiary Standard:</u> Evidence is relevant if "**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action." Fed. R. Evid. 401.   Relevant evidence is admissible unless otherwise prohibited.   Fed. R. Evid. 402. The Court may exclude relevant evidence if the otherwise relevant evidence is "substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403.

   iv. The evidence is relevant to the issue of identity:

    a. In his communications with his victims, both charged and uncharged, the Defendant would send previously produced visual depictions, as a way to remind the victims that he was saving all of the depictions and to increase the weight of the blackmail.   The Government has not yet located this cache of visual depictions.   The Government is, therefore, entitled to argue that the reason that the Government has not yet found these images is because the Defendant has deliberately hidden them using encryption. The Government *will not* argue that it is the Defendant's responsibility to decrypt.

    b. It is the Government's position that the protected devices are places where the Defendant has hidden evidence that will show that he is the perpetrator of offenses against the charged and uncharged victims.

    c. Since the Defendant will argue that he is not the person who exploited the victims, a logical question for jurors will be "where are the visual depictions in question?" The jurors will hear that the Defendant's home was searched and that some of his devices were

searched. None of the victims' images were found in these locations; however what the Government did find are the two encrypted hard drives and the encrypted thumb drives, which are capable of storing sexually explicit visual depictions and other evidence.

    v.    The Defendant cannot "talk" out of both sides of his mouth to the jury: "I don't possess the victim visual depictions so I'm not the person who did this" and yet "I have encrypted digital devices capable of holding evidence against me, and even though I have the ability to open them, I won't unlock them, and you can't talk about the existence of these encrypted devices."

        a.    This is no different than the following scenario: a Defendant is accused of robbing a bank, but when police search his home, they do not find the proceeds of the robbery. Police do, however, find a safe in the Defendant's bedroom, but the safe cannot be opened. In that case, the Government would be permitted to argue that the evidence of the crime exists inside of a safe that is both the Defendant's possession and is locked. The absence of evidence of the proceeds of the robbery is not, therefore, as powerful, because of the presence of the locked safe.

        b.    Likewise, the presences of the encrypted storage devices in the Defendant's bedroom and residence makes it "more . . . probable than it would be without the evidence (that the Defendant is the person who exploited, coerced, and extorted the charged victims) and the fact is of consequence in determining the action." Fed. R. Evid. 401.

    vi.    Finally, the Defendant bragged about to his victims about the inability of police to catch him. He repeatedly told his victims that calling the

police was futile because the police could never catch him.   It is the Government's position that this taunting and the use of encryption to hide evidence of his crimes is part of the Defendant's signature.

  vii. <u>Probative value is not substantially outweighed by danger of unfair prejudice</u>:   There is no danger of unfair prejudice.   There is nothing illegal or inappropriate a person having secured digital media.   In fact, every single juror will likely have a cell phone that is passcode protected, bank accounts that can only be accessed online with a password, some form of Cloud storage that cannot be accessed without a login ID and a password, and email accounts that are password protected.   "Encrypted" just means that some device, account, etc. cannot be accessed without a password.   It is commonly accepted that our most private information is not protected by physical keys, but by passwords.

3. *Bruton* evidence*:*   The Government does not object to the Defendant's request that "all statements mentioning Defendant where the maker of the statement will not be subject to cross-examination" be precluded in accordance with the precedent in *Bruton v. U.S.*, 391 U.S. 123 (1968), unless the statement is otherwise admissible.

      Respectfully submitted,

      JOSH J. MINKLER
      United States Attorney

 By: *s/ Tiffany J. Preston*
    Tiffany J. Preston

    *s/ Kristina M. Korobov*
    Kristina M. Korobov
    Assistant United States Attorneys
    Office of the United States Attorney
    10 W. Market St., Suite 2100
    Indianapolis, Indiana 46204-3048
    Telephone: (317) 226-6333

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.   Parties may access this filing through the court's system.

*s/ Tiffany J. Preston*
Tiffany J. Preston

*s/ Kristina M. Korobov*
Kristina M. Korobov
Assistant United States Attorneys
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
