UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Cause No. 1:17-cr-183-TWP-TAB |
| ) | |
| BUSTER HERNANDEZ, ) | |
| ) | |
| *Defendant*. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM SUPERSEDING INDICTMENT (Dkt. 75)**

The United States, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Tiffany J. Preston and Kristina M. Korobov, Assistant United States Attorneys, hereby responds to the Defendant's Motion to Strike Surplusage from Superseding Indictme*nt* (Dkt. 75), referred to hereinafter as "Motion to Strike."

1. Upon the Defendant's motion, the Court may strike surplusage from the indictment or information. Fed. R. Crim. P. 7.

2. The Defendant has moved to strike the multiple portions of the Superseding Indictment.

   A. The Government **does not object** to the following paragraphs of the Defendant's Motion:

   i. Paragraph 1 ("Buster HERNANDEZ used the Internet to sexually extort hundreds of adult and minor victims throughout the United States and at least one foreign county.") and

      ii.      Paragraph 4 ("Since at least 2012, hundreds of victims, mostly minors, complied with HERNANDEZ's demands and sent HERNANDEZ images and videos depicting themselves engaging in sexually explicit conduct.").

  B.    The Government **objects** to the following paragraphs of the Defendant's Motion to Strike on the grounds that such evidence is part and parcel of the charged conduct and is not surplusage.

      i.  Paragraph 2:  "HERNANDEZ contacted individuals (typically minors) by sending a private message, and saying, for example, "Hi [Victim Name,] I have to ask you something."

      ii.  Paragraph 3:  "HERNANDEZ typically sent his instructions via the Internet using several screen shots, including the following instructions as set forth in the Superseding Indictment."

      iii.  Paragraph 6:  "HERNANDEZ frequently told his victims, "what a shame", or "it's a shame" and falsely claimed he was getting ready to stop extorting them after that one last demand."

      iv.  Paragraph 7:  "HERNANDEZ sexually exploited some of his victims for years, and continued to extort them even after they turned eighteen years old."

      v.  Paragraph 8:  "HERNANDEZ also encouraged some of his victims to kill themselves."

      vi.  Paragraph 10: "HERNANDEZ opened hundreds of e-mail and social media accounts using numerous aliases then quickly ceased using the accounts in an intentional effort to impede or delay law enforcement investigative action on those accounts."

      vii.  Paragraph 11: "HERNANDEZ used multiple e-mail service providers located outside the United States that are commonly discussed in online communities as not having records readily available to United States law enforcement during the course of criminal investigations, and as a method of tradecraft for obfuscation."

      viii.  Paragraph 12: "HERNANDEZ encrypted multiple hard disc drives and created encrypted containers on external storage media in an intentional effort to prevent law enforcement from accessing evidence such as the child pornography and pornography he received through extortion."

This is evidence of the charged offenses, is material to the elements which the Government must prove, and it is evidence of the Defendant's *modus operandi* and the identity of the person who committed the charged offenses. There is no substantial danger of unfair prejudice based on the inclusion of such language in the Superseding Indictment.

   C.   The Defendant has asked to strike the language in paragraph 24(a) regarding aliases which the Defendant used. The Government is unclear as to the nature of the Defendant's argument that "HERNANDEZ used aliases other than those the Government intends to introduce as being alias relevant to its victims in this case, such as the following to hide his true identity." The language to which the Defendant objects is not surplusage. These "names" were chosen, the Government alleges *by the Defendant*, as account names for the online means to a) contact a testifying victim (see witness list); b) exploit, coerce, or extort a testifying victim; c) distribute or receive child pornography of a testifying victim; d) search for multiple testifying victim names; and e) communicate the threats to use explosive devices and to kill, kidnap, or injure the charged victims. Two of the 41 accounts will also be used to directly link the defendant to the anonymizing software and to Victim 1 and Victim 4 *via* cookies.

   D.   The Government objects to Paragraph 13 of the Defendant's Motion which seeks to exclude Paragraph 33 of the Superseding Indictment: "On December 17, 2015, HERNANDEZ, using the name Brian Kil, posted, "Danville is still open. Maybe I'll settle on some faggots and niggers at Danville." The Government alleges that it was the Defendant who chose to use these words during the course of his extortion of Victim 1 and various establishments in Hendricks County, Indiana. To be candid with the Court, this is the *least* of the inflammatory things that the Defendant has written. The Defendant referred to his *charged* victims as slaves. The jury will hear, for example, the degrading

3

language that the Defendant used in his communication with Victim 3, who is African-American.  The fact that Buster Hernandez, as identified in his communications with Victim 2, routinely used bigoted language is just part of his signature that the Government contends *was intended* to shock, horrify, and degrade victims and witnesses, and used to carry out his crimes.  In other words, it is direct evidence of inducement and coercion, as well as direct evidence of the defendant's efforts to obstruct justice, engage in witness tampering, and retaliate against witnesses and victims as charged in the Superseding Indictment.

3. Because the prospective jurors will hear the Superseding Indictment read as part of *Voir Dire*, it would seem to make sense that the venire hear the allegations so that the prospective jurors can notify the Court of any conflicts that may exist.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:   *s/ Tiffany J. Preston*
       Tiffany J. Preston

       *s/ Kristina M. Korobov*
       Kristina M. Korobov
       Assistant United States Attorneys
       Office of the United States Attorney
       10 W. Market St., Suite 2100
       Indianapolis, Indiana 46204-3048
       Telephone: (317) 226-6333

CERTIFICATE OF SERVICE

    I hereby certify that on January 14, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the court's system.

    *s/ Tiffany J. Preston*
Tiffany J. Preston

    *s/ Kristina M. Korobov*
Kristina M. Korobov
Assistant United States Attorneys
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333