UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CAUSE NO.1:17-CR-00183-TWP-TAB |
| | ) | |
| BUSTER HERNANDEZ, | ) | |
| (a.k.a. Brian Kil, Brianna Killian, Brian Mil, | ) | |
| Greg Martain, Purge of Maine, | ) | |
| uygt9@hushmail.com, jare9302@hushmail.com, | ) | |
| Dtvx1@hushmail.com, Leaked_hacks1, | ) | |
| Closed Door, Closed Color, Clutter Removed, | ) | |
| Color Rain, Plot Draw, and Invil Cable) | ) | |
| | ) | |
| *Defendant.* | ) | |

## GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, Tiffany J. Preston and Kristina M. Korobov, Assistant United States Attorneys, hereby files its Proposed Final Jury Instructions in the above-captioned matter.

This set of instructions has been reviewed by defense counsel, and counsel for the defense has no objection to these final instructions.

1

The government reserves the right to supplement such further instructions as may become necessary.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By: /s/ Tiffany J. Preston
Tiffany J. Preston
Assistant United States Attorney

2

**<u>GENERAL INSTRUCTIONS</u>**

**Proposed Final Instruction No. 1**

Members of the jury, the preliminary instructions that I gave you at the beginning of the trial remain in effect.  I am now going to read the final jury instructions to you.

You must follow all of the Court's instructions. You must not single out some instructions and ignore others.  All of the Court's instructions are important.

**Proposed Final Instruction No. 2**

The instructions that follow are organized into groups.  First, I am going to give you some general instructions to guide all of your deliberations.  Second, I am going to give you instructions that explain each of the charges in this case. Finally, I will give you some additional general instructions for all of your deliberations.

**Proposed Final Instruction No. 3**

I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty of any crime charged beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

*Source: (Seventh Circuit Pattern 1.01)*

6

**Proposed Final Instruction No. 4**

The charges against the defendant are in a document called a Superseding Indictment.  You will have a copy of the Superseding Indictment during your deliberations.  The Superseding Indictment in this case charges that the defendant committed the crimes of Sexual Exploitation of a Child, Coercion and Enticement of a Minor, Distributing and Receiving Child Pornography, Threats to Use Explosive Devices, Threats and Extortion, Threats to Kill, Kidnap, and Injure, Witness Tampering, Obstruction of Justice, and Retaliating Against a Witness or Victim.  The defendant has pleaded not guilty to the charges.

The Superseding Indictment is simply the formal way of telling the defendant what crimes he is accused of committing.  It is not evidence that the defendant is guilty.  It does not even raise a suspicion of guilt.

*Source:  Seventh Circuit Pattern 1.03*

**Proposed Final Instruction No. 5**

The defendant is presumed to be innocent of each charge filed in this case. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of this defendant, like every other defendant, beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. No defendant is ever required to prove his innocence or to produce any evidence at all.

*Source:  Seventh Circuit Pattern 1.03*

[Bracketed portions if appropriate]

**Proposed Final Instruction No. 6**

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

[In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if the lawyer thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony [or exhibits] from the record, or told you to disregard something, you must not consider it.

*Source: Seventh Circuit Pattern 2.01*

**Proposed Final Instruction No. 7**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

*Source:  Seventh Circuit Pattern 2.02*

## Proposed Final Instruction No. 8

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

*Source:  Seventh Circuit Pattern 2.03 and 10.06*

**Proposed Final Instruction No. 9**

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

*Source: Seventh Circuit Pattern 3.16*

**Proposed Final Instruction No. 10**

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These summaries and charts are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence, you should disregard the summaries and charts and determine the facts from the underlying evidence.

*Source:  Seventh Circuit Pattern 3.17*

14

**Proposed Final Instruction No. 11**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony.  You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- The intelligence of the witness;

- The witness' ability and opportunity to see, hear, or know the things the witness testified about;

- The witness' memory;

- The witness' demeanor;

- Whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- The truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- Inconsistent or consistent statements or conduct by the witness.

*Source: Seventh Circuit Pattern 3.01*

**Proposed Final Instruction No. 12**

It is proper for an attorney to interview any witness in preparation for trial.

*Seventh Circuit Pattern 3.02*

**Proposed Final Instruction No. 13**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

*Source: Seventh Circuit Pattern 2.04*

**Proposed Final Instruction No. 14**

You will hear the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**Proposed Final Instruction No. 15**

You have heard from witnesses, namely: Special Agent Andrew Willmann, Sergeant Christopher Cecil, Sergeant Jennifer Barnes, Computer Scientist Jonathan Sweeney, Detective Jeff Catt Jared Barnhart, who gave opinions and testimony. You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how they reached their opinions and conclusions, and the factors I have described for determining the believability of testimony.

*Source: Seventh Circuit Pattern 3.13*

**Proposed Final Instruction No. 16**

You have heard the testimony of Special Agent Andrew Willmann and Jared Barnhart who testified to both facts and opinions. Each of these types of testimony should be given the proper weight. As to the testimony to facts, consider the factors discussed earlier in these instructions. As to the testimony on opinions, you do not have to accept Special Agent Willmann's or Jared Barnhart's opinions.  In deciding how much weight to give it, you should consider the witnesses' qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

**Proposed Final Instruction No. 17**

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that [the; a] defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

*Source: Seventh Circuit Pattern 2.05*

[Instruction if appropriate and to be modified as appropriate]

**Proposed Final Instruction No. 18**

You have heard [testimony; evidence] that the defendant committed [crimes; acts; wrongs] other than the ones charged in the Superseding Indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant did the [crimes; acts; wrongs] that are not charged in the Superseding Indictment. If you decide that he did, then you may consider this evidence to help you decide [describe purpose for which other act evidence was admitted, e.g. the defendant's intent to distribute narcotics, absence of mistake in dealing with the alleged victim, etc.]. You may not consider it for any other purpose. Keep in mind that the defendant is on trial here for [describe charge(s) in indictment], not for the other [crimes; acts; wrongs].

*Source: Seventh Circuit Pattern 3.11*

[Instruction if appropriate and to be modified as appropriate]

**Proposed Final Instruction No. 19**

You have heard testimony from [a witness; witnesses; name(s) of witness(es)] who:

[was; were] [promised; received; expected] [a] benefit[s] in return for his [testimony; cooperation with the government];]

[has [pled guilty to; stated] that he was involved in [[one; some] of] the crime[s] the defendant is charged with committing.]  [You may not consider his guilty plea as evidence against the defendant.]]

You may give [this witness'; these witnesses'] testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

*Source:  Seventh Circuit Pattern 3.05*

[Instruction if appropriate and to be modified as appropriate]

**Proposed Final Instruction No. 20**

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.


*Source: Seventh Circuit Pattern 3.06*

**Proposed Final Instruction No. 21**

You have heard evidence obtained from the government's use of online undercover agents, Title III Court-authorized wire intercepts of an Internet Protocol Address, Court-authorized monitoring of Internet Protocol Activity, surveillance, pole-camera surveillance, and Court-authorized searches of places, individuals, and accounts. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

*Source: Seventh Circuit Pattern 3.19*

[Instruction if appropriate and to be modified as appropriate]

**Proposed Final Instruction No. 22**

You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; her; their] testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

*Source: Seventh Circuit Pattern 3.03*

**Proposed Final Instruction No. 23**

A person attempts to commit Sexual Exploitation of a Child, Coercion and Enticement of a Minor, Distributing and Receiving Child Pornography, Threats to Use Explosive Devices, Threats and Extortion, Threats to Kill, Kidnap, and Injure, Witness Tampering, Obstruction of Justice, and Retaliating Against a Witness or Victim if he (1) knowingly takes a substantial step toward committing the offense, (2) with the intent to commit that offense.  The substantial step must be an act that strongly corroborates that the defendant intended to carry out the offense.

*Source: Seventh Circuit Pattern 4.09*

27

**Proposed Final Instruction No. 24**

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them.

*Source: Seventh Circuit Pattern 5.06*

**Proposed Final Instruction No.  25**

You will receive a copy of the Superseding Indictment in this case during your

deliberations. When you review the Superseding Indictment, you may notice that the

word "or" in the statutory language I just read you has been replaced with the word

"and." Although a Superseding Indictment may charge a defendant with committing

an offense in several different ways using conjunctive language (i.e., "and"), it is

sufficient at trial if the government proves the offense in the disjunctive (i.e., "or").

*Source:  See Turner v. United States*, 396 U.S. 398, 420-21 (1970); *United States v. Niederberger*, 580 F.2d 63, 6768 (3d Cir. 1978); *United States v. Vampire Nation*, 451 F.3d 189, 204 (3d Cir. 2006); *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and the jury instruction may be properly framed in the disjunctive); *United States v. Rhynes*, 196 F.3d 207, 242, (4th Cir. 1999), aff'd in part, reh'g en banc on other ground, 218 F.3d 310 (2000) (when a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive, but the district court can instruct the jury in the disjunctive); *United States v. Cox*, 536 F.3d 723, 726-27 (7th Cir. 2008) ("We have held that 'where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count.'" (internal citations omitted)).

**Proposed Final Instruction No. 26**

At this time, I will now read the indictment to you:

[Superseding Indictment Read Here]

**Proposed Final Instruction No. 27**

I am about to read you instructions that relate to each count of the Superseding Indictment. When I do, you will hear me use the term "knowingly" or that the "defendant knew." Both phrases mean that the evidence must establish beyond a reasonable doubt that a defendant realized what he was doing and was aware of the nature of the conduct, and did not act through ignorance, mistake or accident.

*Source: Seventh Circuit Pattern 4.10, Modified*

## <u>INSTRUCTIONS FOR COUNTS 1-17</u>

**Sexual Exploitation of a Child, 18 U.S.C. §2251(a)**
**Counts 1-8**

**Coercion and Enticement of a Minor, 18 U.S.C. §2422(b)**
**Counts 9-11**

**Distribution and Receipt of Child Pornography, 18 U.S.C. §2252(a)(2)**
**Counts 12-17**

**Proposed Final Instruction No. 28**

Counts 1 through 8 of the Superseding Indictment charge the defendant with Sexual Exploitation of a Child, under Title 18, United States Code, Section 2251(a)(1). To sustain the charge of sexual exploitation of a child as charged in Counts 1 through 8 of the Superseding Indictment the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates charged in the Superseding Indictment in Counts 1 through 8, the minor was under the age of eighteen years; and

Second, the defendant, for the purpose of producing a visual depiction of such conduct, specifically, the images identified and described in each Count, employed, used, persuaded or coerced any minor to take part in sexually explicit conduct; and

Third, the visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

*Source: Seventh Circuit Pattern Jury Instructions, 2012 Edition, 18 U.S.C. § 2251(a), Sexual Exploitation of a Child – Elements.*

## Proposed Final Instruction No. 29

Counts 9 through 11 of the Superseding Indictment charge the defendant with Coercion and Enticement of a Minor under Title 18, United States Code, Section 2422(b). To sustain the charge of Coercion and Enticement of a Minor as charged in Counts 9 through 11 of the Superseding Indictment the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, coerce the Victim identified in each Count of the Superseding Indictment to engage in sexual activity for which any person could be charged with a criminal offense, specifically Production of Child Pornography as defined in IC 35-42-4-4 and (c)(E), and Sexual Exploitation of a Child as defined in 18 U.S.C. 2251(a);

Second, that the Victim identified in the Superseding Indictment was less than 18 years of age;

Third, that the defendant believed the Victim identified in the Superseding Indictment was less than 18 years of age;

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that

35

the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

*Source: Seventh Circuit Pattern 18 U.S.C. §2422(b) citing United States v. Berg, No. 09-2498 (7th Cir. 2011).*

**Proposed Final Instruction No. 30**

As I just read, the instruction for Coercion and Enticement of a Minor requires that Government prove that the defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, coerce the Victim identified in each Count of the Superseding Indictment to engage in sexual activity for which any person could be charged with a criminal offense, specifically Production of Child Pornography as defined in IC 35-42-4-4 and (c), and Sexual Exploitation of a Child as defined in 18 U.S.C. 2251(a).

The instructions for Sexual Exploitation of a Child under Title 18, United States Code, Section 2251(a) are set forth in Final Instruction 27, which I just read to you.

Under Indiana law, in order to prove Production of Child Pornography as defined in Indiana Code, Section 35-42-4-4 (a) and (c), the Government must have proved each of the following beyond a reasonable doubt:

First, that the Defendant;

Second, with the intent to satisfy or arouse the sexual desires of any person;

Third, knowingly or intentionally;

Fourth, managed, produced, sponsored, or created a digitized image of;

Fifth, an incident by a child less than 18 years of age; and

37

Sixth, that included sexual conduct by the Victim identified in each Count of the Superseding Indictment, when that Victim was a child under eighteen (18) years of age.

Under Indiana law, "Sexual conduct" means sexual intercourse, exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person, sadomasochistic abuse, sexual intercourse or other sexual conduct with an animal, or any fondling or touching of a child by another person or of another person by a child intended to arouse or satisfy the sexual desires of either the child or the other person. (b)

Under Indiana law, the offense is a Level 4 Felony if the child participates in the sexual conduct or incident by use of force or threat of force.

*Source: Indiana Code 35-42-4-4(a) and (c), Instruction No. 14.3660, 14.2980.*

## Proposed Final Instruction No. 31

Counts 12 through 17 charge the defendant with Distribution and Receipt of Child Pornography under Title 18, United States Code, Section 2252(a)(2). To sustain the charge of Distribution of Child Pornography as charged in Counts 12 through 17 of the Superseding Indictment the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates listed in each Count of the Superseding Indictment, the defendant knowingly distributed or received any visual depiction(s);

Second, the visual depiction(s) are child pornography;

Third, defendant knew that one or more persons depicted in the visual depiction was under the age of eighteen years; and

Fourth, the visual depiction was mailed, shipped, or transported in interstate or in foreign commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

*Source: Seventh Circuit Pattern Jury Instructions, 2012 Edition, 18 U.S.C. § 2252A(a)(2)(A), Receipt or Distribution of Child Pornography – Elements.*

**Proposed Final Instruction No. 32**

"Interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia.

"Foreign commerce" as used above, means commerce between any state, territory or possession of the United States and a foreign country.

"Commerce" includes, among other things, travel, trade, transportation and communication.

Images transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if the material containing the visual depiction had been transmitted or received over the Internet or was produced using materials that had been transmitted or received over the internet.

*Sources: Seventh Circuit Federal Criminal Jury Instructions, 2012 Edition, 18 U.S.C. § 1465 Interstate/Foreign Commerce – Defined (see Committee Comment for 18 U.S.C. § 2252A(a)(4)(B)).*

4

**Proposed Final Instruction No. 33**

<u>Statutory Definitions</u>

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

"Minor" means any person under the age of eighteen years.

"Sexually explicit conduct" means actual or simulated –

     (i)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

     (ii)    bestiality;

     (iii)    masturbation;

     (iv)    sadistic or masochistic abuse; or

     (v)    lascivious exhibition of the genitals or pubic area of any person.

"Producing" includes producing, directing, manufacturing, issuing, publishing, or advertising.

*Source: 18 U.S.C. § 2256(8)(A); 18 U.S.C. § 2256(1); 18 U.S.C. § 2256(2)(A); 18 U.S.C. § 2256(3), Seventh Circuit Pattern Jury Instructions, 2012 Edition, 18 U.S.C. § 2256(8), Child Pornography – Defined; Seventh Circuit Pattern Jury Instructions, 2012 Edition, 18 U.S.C. § 2256(1), Minor – Defined; Seventh Circuit Pattern Jury Instructions, 2012 Edition, 18 U.S.C. § 2256(2)(A), Sexually Explicit Conduct – Defined; Seventh Circuit Pattern Jury Instructions, 2012 Edition, 18 U.S.C. § 2256(3), Producing – Defined.*

**Proposed Final Instruction No. 34**

<u>Factors to Consider for Lascivious Exhibition</u>

In determining whether an image of a minor involves the "lascivious exhibition of the genitals or pubic area," you may consider the following factors:

(1) whether the focal point of the picture is on the minor's genitals or pubic area;

(2) whether the setting of the picture is sexually suggestive;

(3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age;

(4) whether the minor is fully or partially clothed or is nude;

(5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; and

(6) whether the image is intended to elicit a sexual response in the viewer.

You are not limited to these factors, however, and the government is not required to prove that each of these factors is present. It is for you to decide the importance of any one factor and to apply common sense when evaluating the images.

*Sources: United States v. Russell*, 662 F.3d 831, 843 (7th Cir.2011); *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986), *aff'd sub nom., United States v. Wiegand*, 812 F.2d 1239 (9th Cir.), *cert. denied*, 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987).

10

**Proposed Final Instruction No. 35**

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means.

*Sources: 18 U.S.C. § 1466A(f)(1); Seventh Circuit Federal Criminal Jury Instructions, 2012 Edition, 18 U.S.C. § 1466A(f)(1), Visual Depiction – Defined (see Committee Comment for 18 U.S.C. § 2256(5)).*

**<u>INSTRUCTONS FOR COUNTS 18-32</u>**

**Threats to Use Explosive Devices, 18 U.S.C. § 844(e)**

**Counts 18-21**

**Threats and Extortion, 18 U.S.C. § 875(b)**
**Count 22**

**Threats to Kill, Kidnap, and Injure, 18 U.S.C. § 875(c)**
**Count 23-32**

## Proposed Final Instruction No. 36

Counts 18 through 21 of the Superseding Indictment charge the defendant with Threats to Use an Explosive Device under Title 18, United States Code, Section 844(e).  In order for you to find the defendant guilty of Threats to Use an Explosive Device as charged in Counts 18 through 21 of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant made, or caused to be made, a threat to unlawfully damage or destroy the building or other real or personal property as identified in each Count of the Superseding Indictment;

Second, by means of fire or an explosive;

Third, that the threat was communicated via an instrument of interstate commerce; and

Fourth, that the Defendant acted knowingly and willfully.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

*Source:  United States v. Samuel Bradbury, 2:14-CR-71, Accepted by Chief Judge Philip P. Simon, United States District Court, Northern District of Indiana*

*Source:  United States v. Samuel Bradbury, 848 F.3d 799 (7th Cir. 2017) ("To make a threat, however, is both intentional and malicious—intentional because deliberate and malicious because calculated to inspire fear and provoke a possibly costly response— even if the threatener doesn't intend to carry out the threat. And that is how the government argued the case to the jury—that Bradbury should be convicted because he had conducted an elaborate, detailed, and malicious hoax, intending the disruptive effects that resulted from his threat, even though it wasn't carried out, to blow up a courthouse and kill several named judges and law enforcement officers.")*

**Proposed Final Instruction No. 37**

Count 22 of the Superseding Indictment charges the defendant with Threats and Extortion, under Title 18, United States Code, Section 875(b).  To sustain the charge of Threats and Extortion as charged in Count 22 of the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant knowingly sent a message or communication containing a threat to kill, injure, or kidnap Victim 3; and

Second, that the Defendant sent that communication with intent to extort something of value from Victim 3; and

Third, that the communication was sent in interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

*Source: 5th Circuit Pattern Instruction 18 U.S.C. 875(b); 1th Circuit 030.02.*

- 14 -

## Proposed Final Instruction No. 38

Counts 23 through 32 of the Superseding Indictment charge the defendant with Threats to Kill, Kidnap, and Injure, under Title 18, United States Code, Section 875(c).  To sustain the charge of Threats to Kill, Kidnap, and Injure as charged in Counts 23 through 32 of the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly transmitted in interstate commerce the communication charged on the date described in each Count of the Superseding Indictment;

Second, that this communication contained a true threat to injure the person of another; and

Third, that the defendant intended it to communicate a true threat or knew that the communication would be viewed as a true threat.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

*Source:   Eleventh Circuit Pattern 027, 030.3; 5th Circuit Pattern 2.39; Elonis v. United States, No. 13–983, 2015 WL 2464051 (U.S. June 1, 2015).*

## Proposed Final Instruction No. 39

The term "threat" as used in these instructions means a serious expression of an apparent intention to carry out the activity described in the communication.

In order for the government to prove that the statement is a threat, it must prove the following two things:

First, that the statement, when viewed in the context and under the circumstances in which it was made, would cause apprehension in a reasonable person, as distinguished from idle or careless talk, exaggeration, or something said in a careless manner; and

Second, that the defendant made the statement "willfully." That is, he intended that the statement be understood as a serious expression of his intention to do the acts described.

The government is not required to prove that the defendant actually intended to carry out the acts threatened or that the defendant communicated the threat to the individuals referenced in the statement.

*Source:   Eleventh Circuit Pattern 027, 030.3; 5th Circuit Pattern 2.39*

*Source:  United States v. Samuel Bradbury, 848 F.3d 799 (7th Cir. 2017) ("To make a threat, however, is both intentional and malicious—intentional because deliberate and malicious because calculated to inspire fear and provoke a possibly costly response— even if the threatener doesn't intend to carry out the threat. And that is how the government argued the case to the jury—that Bradbury should be convicted because he had conducted an elaborate, detailed, and malicious hoax, intending the disruptive effects that resulted from his threat, even though it wasn't carried out, to blow up a courthouse and kill several named judges and law enforcement officers.")*

**Proposed Final Instruction No. 40**

The term "interstate commerce" is defined in Final Instruction No. 31.

To act with intent to "extort' means to act with intent to obtain something of value from someone else, with that person's consent but induced by the wrongful use of actual or threatened force, violence or fear.

The term "thing of value" is used in the everyday, ordinary meaning and is not limited to money or tangible things with an identifiable price tag.

It is not necessary to prove that the defendant actually succeeded in obtaining the things of value, or that the defendant actually intended to carry out the threat made.

*Source:  Eleventh Circuit Pattern 027, 5th Circuit Pattern 2.39*

*See United States v. Fagan, 821 F.2d 1002, 1015 n.9 (5th Cir. 1987) (discussing breadth of "thing of value"). See United States v. Skelton, 514 F.3d 433, 445–46 (5th Cir. 2008) (discussing this instruction); United States v. Daughenbaugh, 49 F.3d 171, 173 n.2 (5th Cir 1995) (approving this instruction on the definition of threat with respect to 18 U.S.C. § 876); United States v. Turner, 960 F.2d 461, 464 & n.3 (5th Cir. 1992) (same). A lesser offense may be charged pursuant to 18 U.S.C § 875(c) if the defendant did not intend to extort money or a thing of value with the threatening communication. See United States v. Morales, 272 F.3d 284, 287 (5th Cir. 2001) (uses a definition of "threat" for purposes of § 875(c) similar to the one defined in Daughenbaugh). The Supreme Court recently discussed the necessary mens rea for threats under § 875(c) in Elonis v. United States, No. 13–983, 2015 WL 2464051 (U.S. June 1, 2015). The Committee has not changed the definition of threat in this instruction to comport with Elonis because the Committee could not reach agreement whether the same mens rea issue exists for offenses charged under 875(b).*

*See Notes to Instruction Nos. 2.38 and 2.40 on 18 U.S.C. § 871, Threats Against the President, and 18 U.S.C. § 876, Mailing Threatening Communications, respectively.*

*See Note to Instruction No. 2.54 on 18 U.S.C. § 1201(a) for the definition of "kidnap."*

*Definitions of "Interstate Commerce," "Foreign Commerce," and "Commerce" are in Instruction Nos. 1.39, 1.40, and 1.41.*

## **INSTRUCTIONS FOR COUNTS 33-39**

**Witness Tampering, 18 U.S.C. § 1512(b)(3)**
**Counts 33-38**

**Obstruction of Justice § 1512(c)**
**Count 39**

## Proposed Final Instruction No. 41

Counts 33 through 38 of the Superseding Indictment charge the defendant with Witness Tampering, under Title 18, United States Code, Section 1512(b)(3). To sustain the charge of Witness Tampering as charged in Counts 33 through 38 of the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant used or attempted to use intimidation or threats, or corruptly persuaded, or engaged in misleading conduct toward the Victim identified in each Count of the Superseding Indictment;

Second, that the defendant acted knowingly;

Third, that the defendant acted with the intent to hinder, delay or prevent the communication of information to a law enforcement officer of the United States; and

Fourth, such information related to the commission or possible commission of a federal offense, namely production, distribution, and possession of child pornography, and coercion and enticement of a minor.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

*Source:  Seventh Circuit Pattern Instruction 1512(b)(3); citing United States v. Fowler, 131 S.Ct. 2045 (2011).*

## Proposed Final Instruction No. 42

Count 39 of the Superseding Indictment charges the defendant with Obstruction of Justice, under Title 18, United States Code, Section 1512(c). To sustain the charge of Obstruction of Justice as charged in Count 39, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant attempted or did alter, destroy, mutilate or conceal a record, document or other object;

Second that the defendant acted knowingly;

Third, that the defendant acted corruptly; and

Fourth, that the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

*Source: Seventh Circuit Pattern, 1512(c)(1); citing United States v. Matthews, 505 F.3d 698 (7th Cir. 2007). The court should define "corruptly" and "official proceeding" using the pattern instructions set forth below.*

*Section 1512(b) requires that the defendant act "knowingly" with regard to each offense listed in § 1512(b). The § 1512(c) offenses require that defendant act "corruptly." Thus, the Committee has not included "knowingly" as an element for the two § 1512(c)*

- 21 -

*offenses. The Committee notes, though, that § 1503 requires the defendant act "corruptly" and does not include "knowingly" in the statute. Nonetheless, the 1999 Committee included both "corruptly" and "knowingly" in the pattern instruction for § 1503. In Matthews, although in a different context, the Court of Appeals analogized § 1503 and § 1512 conduct. 505 F.3d at 706 ("because both sections prohibit similar types of conduct, it was proper for the district court to refer to § 1503 in arriving at a definition for 'corruptly' under § 1512").*

## Proposed Final Instruction No. 43

A person acts "corruptly" if he or she acts with the purpose of wrongfully impeding the due administration of justice.

*Source:  Seventh Circuit Pattern; citing United States v. Matthews, 505 F.3d 698 (7th Cir. 2007).*

- 23 -

**Proposed Final Instruction No. 44**

The term "misleading conduct" means knowingly making a false statement, or intentionally concealing a material fact, and thereby creating a false impression by such statement, with intent to mislead, or knowingly using a trick, scheme, or device with intent to mislead.

*Source:  Seventh Circuit Pattern, 1512(c)*

**Proposed Final Instruction No. 45**

The term "law enforcement officer" means an officer or employee of the Federal Government, including Special Agents of the Federal Bureau of Investigation.

*Source:  Seventh Circuit Pattern, 1512(c)*

**<u>INSTRUCTIONS FOR COUNTS 40-41</u>**

**Retaliating Against a Witness or Victim, 18 U.S.C. § 1513(c)**

## Proposed Final Instruction No. 46

Counts 40 though 41 of the Superseding Indictment charge the defendant with Retaliating Against a Witness or Victim, under Title 18, United States Code, Section 1513(c). To sustain the charge of Retaliating Against a Victim or Witness as charged in Counts 40 and 41 of the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant took any action harmful to the Victim or Witness identified in each Count of the Superseding Indictment, including interference with the lawful employment or livelihood of any Victim or Witness identified in each Count of the Superseding Indictment,

Second, that the defendant acted knowingly; and

Third, that the defendant did so for the Victim or Witness providing to any law enforcement officer any truthful information relating to the commission or possible commission of any federal Offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the Count you are considering, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the Count you are considering, then you should find the defendant not guilty.

- 27 -

*Source:  Model Crim. Jury. Instr. 8th Cir. 6.18.1513 (2018); Mod. Crim. Jury Instr. 3rd Cir. 6.18.1513B (2018).*

**ADDITIONAL GENERAL INSTRUCTIONS**

**Proposed Final Instruction No. 47**

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

*Source: Seventh Circuit Pattern 4.06*

**Proposed Final Instruction No. 48**

The indictment charges that each offense was committed "on or before" or "on or about" a certain date. The government must prove that each alleged offense happened reasonably close to the specified date but is not required to prove that the alleged offense happened on that exact date.

*Source: Seventh Circuit Pattern 4.05*

**Proposed Final Instruction No. 49**

In deciding your verdict, you should not consider the possible punishment for the defendant[s] [who [is; are] on trial]. If you decide that the government has proved [the; a] defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

*Source: Seventh Circuit Pattern 4.08*

**Proposed Final Instruction No. 50**

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

*Source: Seventh Circuit Pattern 3.18*

## Proposed Final Instruction No. 51

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt [and whether the defendant has proved [insert defense] [by a preponderance of the evidence; by clear and convincing evidence]].

*Source: Seventh Circuit Pattern 7.03*

## Proposed Final Instruction No. 52

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry or similar device, PDA, computer, the Internet, text messaging, chat rooms, blogs, social networking websites like Facebook, YouTube, Twitter, GooglePlus, LinkedIn, or any other form of communication at all.

If you need to communicate with me while you are deliberating, send a note through the bailiff. The note should be signed by the presiding juror, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Often the Court cannot answer a question except by re-reading the jury instructions, so you may find an answer to any question you have in the instructions. Please be advised that

transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

*Source:  Seventh Circuit Pattern 7.01*

**Proposed Final Instruction No. 53**

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

When you have reached unanimous agreement, your presiding juror will fill in, date, and sign the verdict forms.

Advise the bailiff in writing once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

*Source: Seventh Circuit Pattern 7.02*

**Proposed Final Instruction No. 54**

Jurors #____ and #____, you are the alternate jurors in the case.  As such you may not participate in the deliberations unless it is necessary to replace one of the regular jurors.  You must not talk about the case until you are called into service, excused, or discharged.