# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cr-00183-TWP-TAB |
| | ) | |
| BUSTER HERNANDEZ | ) | |
|    a/k/a BRIAN KIL | ) | |
|    a/k/a BRIANNA KILLIAN | ) | |
|    a/k/a BRIAN MIL | ) | |
|    a/k/a GREG MARTAIN | ) | |
|    a/k/a PURGE OF MAINE | ) | |
|    a/k/a UYGT9@HUSHMAIL.COM | ) | |
|    a/k/a JARE9302@HUSHMAIL.COM | ) | |
|    a/k/a DTVX1@HUSHMAIL.COM | ) | |
|    a/k/a LEAKED_HACKS1 | ) | |
|    a/k/a CLOSED DOOR | ) | |
|    a/k/a CLOSED COLOR | ) | |
|    a/k/a CLUTTER REMOVED | ) | |
|    a/k/a COLOR RAIN | ) | |
|    a/k/a PLOT DRAW | ) | |
|    a/k/a INVIL CABLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION TO STRIKE
## SURPLUSEDING FROM SUPERSEDING INDICTMENT

On April 24, 2019, Plaintiff United States of America ("the Government") filed a Superseding Indictment against Defendant Buster Hernandez ("Hernandez"), alleging, *inter alia*, that Hernandez produced child pornography; coerced and enticed a minor; distributed and received child pornography; threatened to kill, kidnap, and injure persons; committed witness tampering; obstructed justice; and retaliated against a witness or victim (Filing No. 57). On January 7, 2020, Hernandez filed his Motion to Strike Surplusage from the Superseding Indictment ("Motion to Strike") (Filing No. 75). For the following reasons, Hernandez's Motion to Strike is **granted in part and denied in part**.

# I.    LEGAL STANDARD

Courts have discretion to strike surplusage from the indictment if the language is immaterial, irrelevant, or prejudicial. Fed. R. Crim. P. 7(d); *United States v. Marshall*, 985 F.2d 901, 905 (7th Cir. 1993) (citation omitted). "A motion to strike surplusage should be granted only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial. [T]his is a rather exacting standard, and only rarely has surplusage been ordered stricken." *United States v. Chaverra-Cardona*, 667 F. Supp. 609, 611 (N.D. Ill. 1987) (internal citations and quotation marks omitted). "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *United States v. Scarpa*, 913 F.2d 993, 1013 (2nd Cir. 1990).

# II.    DISCUSSION

The Motion to Strike is directed toward paragraphs 22, 23(a), 23(d), 23(e), 23(f), 23(h), 23(i), 23(j), 24(a), 24(b), 24(c), 24(j), and 33 of the Superseding Indictment. *(See* Filing No. 57). Hernandez does not give specific arguments as to each of the portions of the Superseding Indictment that he requests to be stricken. Instead, he generally asserts that the targeted language is irrelevant, unnecessary, and prejudicial surplusage. He argues the surplusage would unnecessarily and unfairly inflame the emotions of the jurors and removing the surplusage would "strike a balance between the Government's right to allege reasonable allegations but not to the point of including allegations or innuendo that unfairly prejudices the Defendant." (Filing No. 75 at 4.)

The Government does not object to the following paragraphs in Hernandez's Motion:

i.    Paragraph 1 ("Buster HERNANDEZ used the Internet to sexually extort hundreds of adult and minor victims throughout the United States and at least one foreign country.") and

ii. Paragraph 4 ("Since at least 2012, hundreds of victims, mostly minors, complied with HERNANDEZ's demands and sent HERNANDEZ images and videos depicting themselves engaging in sexually explicit conduct.")

(Filing No. 85 at 1–2.) Because these potentially inflammatory paragraphs are not relevant to the charges and Government does not object to these paragraphs being stricken, the Court **grants** Hernandez's request to strike these two paragraphs from the Superseding Indictment.

The Government objects to the remainder of Hernandez's requests to strike portions of the Superseding Indictment. Hernandez requests that the following language from paragraph 23(a) be stricken:

HERNANDEZ contacted individuals (typically minors) by sending a private message, and saying, for example, "Hi [Victim Name,] I have to ask you something."

The Government objects to striking this language as it is part and parcel of the charged conduct and is not surplusage. The Court agrees that these allegations are relevant to the charges and not merely prejudicial surplusage. The mode and method of communications and the fact that the individuals being contacted typically are minors are relevant to the charges, which include production of child pornography, coercion and enticement of a minor, and distributing and receiving child pornography. Therefore, the Motion to Strike surplusage from paragraph 23(a) is **denied**.

Hernandez requests that the following language from paragraph 23(d) be stricken:

HERNANDEZ typically sent his instructions via the Internet using several screen shots, including the following instructions as set forth in the Superseding Indictment.

These allegations are directly relevant to the charged offenses. The methods Hernandez allegedly used are relevant to the charges the Government hopes to prove. Therefore, these allegations are not merely prejudicial surplusage. The Motion to Strike paragraph 23(d) is **denied**.

Hernandez requests that the following language from paragraph 23(f) be stricken:

HERNANDEZ typically began exploiting victims when they were between the ages of twelve and fifteen years old.

These allegations also are relevant to the charges of production of child pornography, coercion and enticement of a minor, and distributing and receiving child pornography. Therefore, these allegations are not prejudicial surplusage, and the Motion to Strike paragraph 23(f) is **denied**.

Hernandez requests that the following language from paragraph 23(h) be stricken:

HERNANDEZ frequently told his victims, "what a shame," or "it's a shame" and falsely claimed he was getting ready to stop extorting them after that one last demand.

The allegation in this paragraph is relevant to the charges as it concerns the method Hernandez used to obtain videos and photographs from his victims, going directly to the charges of coercion and enticement. This allegation is not prejudicial surplusage, and thus, the Motion to Strike paragraph 23(h) is **denied**.

Next, Hernandez requests that the following language from paragraph 23(i) be stricken:

HERNANDEZ sexually exploited some of his victims for years, and continued to extort them even after they turned eighteen years old.

The Court determines that this allegation is relevant to the charged offenses in the Superseding Indictment and is not prejudicial surplusage. Therefore, the Court declines to strike paragraph 23(i) from the Superseding Indictment.

Hernandez next requests that the following language from paragraph 23(j) be stricken:

HERNANDEZ also encouraged some of his victims to kill themselves.

This allegation is relevant to the mode and method Hernandez allegedly used to extort and coerce his victims. This allegation is not merely prejudicial surplusage, therefore, the Motion to Strike paragraph 23(j) is **denied**.

Hernandez asks that the following parts of paragraph 24(a) be stricken because they are "aliases other than those the Government intends to introduce as being alias relevant to its victims in this case." ([Filing No. 75 at 2](#).)

> Brianna Killian,
> Brian Mil,
> Greg Martain,
> Purge of Maine,
> uygt9@hushmail.com,
> jare9302@hushmail.com,
> Dtvx1@hushmail.com,
> Leaked_hacks1,
> Closed Door,
> Closed Color,
> Clutter Removed,
> Color Rain,
> Plot Draw, and
> Invil Cable

The Government asserts that these "names" were chosen by Hernandez as online account names and then used to contact, coerce, distribute and receive pornography from victims, and communicate threats to victims. Some of these accounts will be used to directly link the victims and anonymizing software to Hernandez. The Court agrees that these aliases are relevant to the charged offenses brought against Hernandez and are pertinent to the issues of identity and mode and method of the charged conduct. Therefore, the Motion to Strike paragraph 24(a) is **denied**.

Hernandez requests that the following language from paragraphs 24(b), 24(c), and 24(j) be stricken:

> HERNANDEZ opened hundreds of e-mail and social media accounts using numerous aliases then quickly ceased using the accounts in an intentional effort to impede or delay law enforcement investigative action on those accounts.

> HERNANDEZ used multiple e-mail service providers located outside the United States that are commonly discussed in online communities as not having records readily available to United States law enforcement during the course of criminal investigations, and as a method of tradecraft for obfuscation.

HERNANDEZ encrypted multiple hard disc drives and created encrypted containers on external storage media in an intentional effort to prevent enforcement from accessing evidence such as the child pornography and pornography he received through extortion.

The Court does not find any language in these paragraphs to be prejudicial, irrelevant, or immaterial. The allegations are directly relevant to the charged offenses, *modus operandi*, and identity. The Motion to Strike paragraphs 24(b), 24(c), and 24(j) is **denied**.

Lastly, Hernandez requests that the following language from paragraph 33 be stricken:

On December 17, 2015, HERNANDEZ, using the name Brian Kil, posted, "Danville is still open. Maybe I'll settle on some faggots and niggers at Danville."

This allegation is directly relevant to the charged offenses of coercion, threats and extortion, threats to use explosive devices, and other charges. This cannot be considered surplusage. Therefore, the Motion to Strike surplusage from paragraph 33 is **denied**.

### III.   CONCLUSION

For the foregoing reasons, Hernandez's Motion to Strike Surplusage from the Superseding Indictment (Filing No. 75) is **GRANTED in part and DENIED in part**. It is **granted** as to the allegations, "Buster HERNANDEZ used the Internet to sexually extort hundreds of adult and minor victims throughout the United States and at least one foreign county," found in paragraph 22 of the Superseding Indictment; and the allegation, "Since at least 2012, hundreds of victims, mostly minors, complied with HERNANDEZ's demands and sent HERNANDEZ images and videos depicting themselves engaging in sexually explicit conduct," found in paragraph 23(e) of the Superseding Indictment. These two paragraphs are **stricken**. The remainder of Hernandez's Motion to Strike is **denied**.

**SO ORDERED.**

Date:   1/21/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE
kristina.korobov@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE
tiffany.preston@usdoj.gov