UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>BUSTER HERNANDEZ )<br> a/k/a BRIAN KIL )<br> a/k/a BRIANNA KILLIAN )<br> a/k/a BRIAN MIL )<br> a/k/a GREG MARTAIN )<br> a/k/a PURGE OF MAINE )<br> a/k/a UYGT9@HUSHMAIL.COM )<br> a/k/a JARE9302@HUSHMAIL.COM )<br> a/k/a DTVX1@HUSHMAIL.COM )<br> a/k/a LEAKED_HACKS1 )<br> a/k/a CLOSED DOOR )<br> a/k/a CLOSED COLOR )<br> a/k/a CLUTTER REMOVED )<br> a/k/a COLOR RAIN )<br> a/k/a PLOT DRAW )<br> a/k/a INVIL CABLE, )<br>)<br>   Defendant. ) | No. 1:17-cr-00183-TWP-TAB -01 |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a Final Pretrial Conference on January 21, 2020, held at the Indianapolis Courthouse. The Government appeared by Assistant United States Attorneys Tiffany Preston and Kristina Korobov. Defendant Buster Hernandez appeared in person, in custody, and was represented by CJA counsel Mario Garcia. The Court Reporter was David Moxley. The trial in this matter is scheduled to begin on **Monday, February 10, 2020, at 9:00 a.m.** in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana. Pursuant to Federal Rule of Criminal Procedure 17.1, the following discussion was held and rulings made.

1. The Court conducted a review of the witness lists to determine who will testify and the subjects of their testimony.

   a. The Government's witness list identified sixty-six witnesses (Filing No. 72). The Government also filed a sealed document providing victim identification for the unnamed victim witnesses (DKT 89). The Government discussed the anticipated testimony of each witness. The Government indicated that it no longer anticipates calling Victim 8; Victim 9; Victim 2's father; witnesses from the Shops at Perry Crossing Mall, Movie Theater, and Walmart; Kevin Schneider; Jennifer Barrett; Michael Easter; Kevin Horan; Duane Jackson; Nancy Shroka; Matthew Montana; Elizabeth Watson; Damarys Tellado; Andrew Kanetzke; David Hunter; Jerry Hernandez, Jr.; Elizabeth Rodriguez; Genaro Garcia; Delia Garcia; Cooperating Witness 3; or any of the identified business records custodians. The Defendant did not object to any of the witnesses.

   b. The Government indicated that Jonathan Sweeney, Christopher Cecil, Jennifer Barnes, Jeff Catt, and Jared Barnhart will be called as expert witnesses, and they were timely disclosed as experts. The Defendant did not object to these witnesses.

   c. The Government designated FBI Special Agents Andrew Willmann and Ryan Barrett to serve as its assisting witnesses during trial. Over the Defendant's objection, the Court granted such designation, and these witnesses may remain in the courtroom during trial.

   d. The Defendant's witness list identified only Defendant Buster Hernandez (Filing No. 76) as a possible witness. The Defendant indicated that he may call an

        individual identified as "Cates," a tattoo artist. The Government did not object to these witnesses.

2. The Court conducted a general review of the exhibits for trial.

   a. The Government submitted a list of approximately three hundred exhibits ([Filing No. 96](#)). The Government's exhibits 1–199 are the subject of a pending Motion in *Limine*, to which the Defendant objected. The objection to these exhibits will be addressed in a separate order. The Defendant did not object to the Government's other exhibits.

   b. The Defendant filed an exhibit list, identifying the exhibits listed by the Government and any exhibits necessary for impeachment or rebuttal ([Filing No. 76](#)). The Government did not object.

   c. The Government shall submit **two (2) copies** of all documentary exhibits for members of the jury, the witness, and the Court to the Courtroom Deputy Clerk by **Friday, February 7, 2020, at 12:00 p.m.**

3. The Court discussed jury selection and opening statements.

   a. The Court will call a panel of approximately sixty (60) prospective venire. Counsel may pick up the responses to the jury questionnaires in person at the Indianapolis Courthouse from the Courtroom Deputy Clerk **after 12:00 p.m. on Friday, February 7, 2020**. The questionnaires must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

   b. Because of the nature of the charges in this case, the parties may submit a joint written questionnaire consisting of no more than **five (5) questions** related to sexual abuse and similar topics, which the Court may give to the venire before *voir dire*

      begins. This joint written questionnaire must be submitted to the Court by **Friday, February 7, 2020, at 12:00 p.m.**

   c. The Court will empanel a jury of twelve (12) jurors and two (2) alternates.

   d. The Court will use its standard *voir dire* and may incorporate questions from any proposed *voir dire*. The Government submitted proposed *voir dire* at Filing No. 86, and the Defendant had no objections. After the Court's *voir dire*, the parties will be allowed up to ten (10) minutes each side for follow-up questions.

   e. Challenges for cause will be resolved at the bench. After challenges for cause are resolved at the bench, the Government will have six (6) peremptory strikes, and the Defendant will have ten (10) peremptory strikes. If needed, the parties each will have one (1) additional strike for the alternate. Peremptory strikes shall be exercised simultaneously and in writing. There will be no back-striking.

   f. During trial, the Court intends to allow jurors to submit written questions to witnesses following the procedures endorsed by the Seventh Circuit Bar Association's jury project.

   g. The parties will have **twenty-five (25) minutes** per side for opening statements. Counsel shall advise one another by **Friday, February 7, 2020, at 12:00 p.m.**, of any demonstrative exhibits they intend to use during opening statements so that any objections may be raised and resolved before the opening statements.

4. The Court discussed preliminary and final jury instructions and verdict forms.

   a. The Government filed proposed preliminary jury instructions with a proposed charging instruction at Filing No. 80 at 4. The Defendant did not object to the Government's proposed preliminary instructions. The Court will use its standard

    preliminary jury instructions and incorporate the Government's proposed instructions where appropriate.

  b. The Courtroom Deputy Clerk will email the preliminary jury instructions to counsel by **Wednesday, February 5, 2020**. Objections must be filed by **12:00 p.m. on Friday, February 7, 2020**.

  c. The Government submitted proposed final jury instructions (Filing No. 88) and a proposed charging instruction (Filing No. 88 at 7). The Defendant did not object to the Government's proposed final instructions. The final instructions will be settled after the close of evidence at trial.

  d. The Government submitted proposed verdict forms at Filing No. 83. The Defendant did not object to the Government's proposed verdict forms. The verdict forms will be settled after the close of evidence at trial.

5. The Court discussed stipulations. The parties filed stipulations at Filing No. 91, Filing No. 92, Filing No. 93, and Filing No. 100. The parties indicated that they may have additional stipulations. The parties are encouraged to confer and make diligent efforts to enter and file any stipulations.

6. The Court discussed the status of plea negotiations. The Government has extended an offer to the Defendant, and that offer was relayed to the Defendant. The Defendant confirmed that he rejected the offer.

7. The Defendant orally moved the Court for separation of witnesses. The Court **GRANTED** the motion. The parties are to instruct their witnesses to report to Room #346. The parties also are to instruct their witnesses to not discuss their testimony either before or after it is given. The Government's assisting witnesses may remain in the courtroom during the trial.

8. Counsel intend to use the Court's VEPS system for presentation of evidence during trial, and they are instructed to schedule training with the Courtroom Deputy Clerk if necessary.

9. Defense counsel is directed to bring any clothing for his client to wear during trial to the Marshall's Office by **12:00 p.m. on Friday, February 7, 2020**.

10. The status of pretrial motions was discussed. The parties were given an opportunity to review rulings that were docketed on the morning of the final pretrial conference. (Filing No. 98 and Filing No. 99). The parties discussed the Government's pending Motion in *Limine* (Filing No. 95) concerning the admission of Government exhibits 1–199. The Defendant filed an objection to the Motion at Filing No. 97. The Government was given leave to file a reply brief no later than **Tuesday, January 28, 2020**. The Court will issue a ruling on the Motion shortly thereafter.

11. The Court and parties discussed the following various matters:

    a. The Government was **ordered** to file a corrected Superseding Indictment consistent with the Court's Entry on Defendant's Motion to Strike Surplusage from Superseding Indictment (Filing No. 98) and Order to correct a scrivener's error (Filing No. 81).

    b. The parties briefly discussed the rape shield statute, and the Defendant agreed to abide by the rape shield statute.

    c. The Government requested leave to correct the proposed final jury instruction concerning the "dual role" of some witnesses. The Court granted leave to the Government to make this correction.

    d. The Government requested that a "clean computer" be provided to the jury during deliberations for the purpose of viewing the transcript evidence of the electronic messages that were transmitted. This was requested because printed paper copies

of the transcript evidence are very difficult to read. The Defendant did not object to this request. The Court granted the request.

e.  The parties discussed the presentation of evidence of victim witness statements and the use of "readers" who will read the victims' statements on behalf of the victims. The Defendant did not object to the use of "readers." The parties were directed to file a notice with the Court regarding the specific process that will be used to minimize distraction and delay no later than **Friday, February 7, 2020**.

f.  The Government will submit to the Court a list of all the witnesses in alphabetical order to help protect the identity of the victim witnesses.

g.  The Government requested permission for Victim 1's mother to remain in the Courtroom during the course of the trial after Victim 1's mother has given her testimony. The Defendant did not object to this request. The Court granted the request.

12. The parties estimate the trial will last one-and-a-half to two weeks. On the first day of trial, the doors to the Courtroom will be unlocked at 7:30 a.m. Attorneys and the Defendant are **ordered** to appear by 8:00 a.m. The venire is scheduled to arrive at 7:30 a.m., and panel selection will begin promptly at 9:00 a.m.

No further discussion was held.

**SO ORDERED.**

Date:   1/22/2020

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE
kristina.korobov@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE
tiffany.preston@usdoj.gov