# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00183-TWP-TAB |
| ) | |
| BUSTER HERNANDEZ ) | |
|   a/k/a BRIAN KIL ) | |
|   a/k/a BRIANNA KILLIAN ) | |
|   a/k/a BRIAN MIL ) | |
|   a/k/a GREG MARTAIN ) | |
|   a/k/a PURGE OF MAINE ) | |
|   a/k/a UYGT9@HUSHMAIL.COM ) | |
|   a/k/a JARE9302@HUSHMAIL.COM ) | |
|   a/k/a DTVX1@HUSHMAIL.COM ) | |
|   a/k/a LEAKED_HACKS1 ) | |
|   a/k/a CLOSED DOOR ) | |
|   a/k/a CLOSED COLOR ) | |
|   a/k/a CLUTTER REMOVED ) | |
|   a/k/a COLOR RAIN ) | |
|   a/k/a PLOT DRAW ) | |
|   a/k/a INVIL CABLE, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON GOVERNMENT'S THIRD MOTION *IN LIMINE* DKT. 95

This matter is before the Court on Plaintiff United States of America's ("the Government") third Motion *in Limine* ([Filing No. 95](#)). Defendant Buster Hernandez ("Hernandez") is scheduled for trial by jury beginning on February 10, 2020, on forty-one counts. In particular, Hernandez is charged with eight counts of Sexual Exploitation of a Child, three counts of Coercion and Enticement of a Minor, six counts of Distributing and Receiving Child Pornography, four counts of Threats to Use Explosive Devices, one count of Threats and Extortion, ten counts of Threats to Kill, Kidnap, and Injure, six counts of Witness Tampering, one count of Obstruction of Justice, and two counts of Retaliating Against a Witness or Victim. In this Motion, the Government seeks

a preliminary ruling from the Court regarding the admissibility of Exhibits 1–199. For the following reasons, the Government's Motion is **granted**.

## I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

The Government asks the Court to preliminarily admit account data from online social media accounts and email messaging accounts that it asserts were controlled by Hernandez and that have been designated by the Government as Exhibits 1–199. In support of its Motion, the Government contends that forty of the forty-one counts in the Superseding Indictment require it to prove Hernandez through extortion and coercion produced, distributed, and received child pornography, threatened to use explosive devices at certain locations, threatened to kill, injure, or kidnap victims, and tampered with or retaliated against victims all through a facility of interstate commerce, specifically through social media and email messaging. Count 39, Obstruction of Justice, will require the Government to prove Hernandez took actions to thwart law enforcement's

efforts to identify and connect him to his criminal acts, which will require the introduction of social media and email evidence.

The Government proffers that Hernandez created at least 199 accounts under false names to perpetrate his crimes. Exhibits 1–199 are the social media and email accounts that Hernandez allegedly used to commit the offenses charged in the Superseding Indictment. The parties have since filed a stipulation that Exhibits 1–199 are authentic ([Filing No. 100](Filing No. 100)). The Government asserts the evidence is relevant and not hearsay and therefore is admissible. It seeks to offer the social media and email evidence as circumstantial evidence to connect Hernandez to the charged offenses.

The Government intends to present voluminous circumstantial evidence to connect Hernandez to the social media and email accounts and to show his authorship of the messages from those accounts. This evidence includes among other things the "NIT" that identified Hernandez's IP address at his home in California, admissions by Hernandez to various victims about his methods to commit the offenses and his aliases, admissions by Hernandez to various victims about his threats and extortion, connections between the numerous accounts used by Hernandez through "machine cookies" and common victims, and images that Hernandez sent to a victim that were also found on his cell phone seized from his home. The Government asserts this circumstantial evidence will show the relevance of the social media and email account evidence.

Responding to the Motion *in Limine*, Hernandez's counsel argues that the Government does not have any direct evidence that Hernandez is the individual who authored any of the messages found in the social media and email accounts. Instead, the Government attempts to create a complex web of data from many accounts to support its theory of identity, which is based on supposition and which unfairly prejudices Hernandez. In support of his argument, Hernandez

notes the Government's own information from the Federal Bureau of Investigation and the Department of Justice suggests that this case is similar to many other sextortion cases, so the proffered evidence is not clearly unique to be able to support a theory of *modus operandi*.

Hernandez argues the Government cannot meet its burden of establishing the social media and email messages were authored by him, and consequently, the messages cannot be attributed as his statements. He argues that the content of the messages is inadmissible hearsay and do not qualify under the business records exception. The content of the social media and email messages—even when authenticated by the service providers—are not business records of the service providers. As the Third Circuit explained, "considered in their entirety, the Facebook records are not business records under Rule 803(6) . . . ." *United States v. Browne*, 834 F.3d 403, 411 (3rd Cir. 2016).

Relying on Federal Rule of Evidence 801(c)(2); 801(d)(2)(A), the Government argues that the exhibits are not hearsay evidence because statements admitted *not* for the truth of the matter asserted are not hearsay, and statements made by a party opponent also are not hearsay. Specifically the Government asserts:

> Thus, any "hearsay objection is a nonstarter." *Lewisbey*, 843 F.3d at 658. "The text messages [Hernandez] *sent* are his own statements and as such are excluded from the definition of hearsay by Rule 801(d)(2)(A)." *Id.* (emphasis in original). "The messages he *received* were admitted not for the truth of the matter asserted but instead to provide context of [Hernandez's] own messages." *Id.* (citing Fed. R. Evid. 801(c)(2); *United States v. Robinzine*, 80 F.3d 246, 252 (7th Cir. 1996)) (emphasis in original).

([Filing No. 95 at 12](#).) The Government further asserts the evidence is admissible as records under the business records exception to the rule against hearsay. *See* Fed. R. Evid. 803(6).

The Government asserts that, contrary to Hernandez's argument, it does have direct evidence that links him to the social media and email accounts and that shows he is the individual who authored the messages found in the accounts (such as the NIT evidence, machine cookies,

4

and other evidence noted above). Rather, the Government asserts its evidence connecting Hernandez to each and every one of the accounts is based on simple, forensic evidence. As noted by the Government, the Seventh Circuit recently held "evidence such as the presence of a nickname, date of birth, address, email address, and photos on someone's Facebook page" may be used as circumstantial evidence that "a page might belong to that person," and thus, it is relevant and admissible. *United States v. Barber*, 937 F.3d 965, 970 (7th Cir. 2019).

The Government asserts that Hernandez is mistaken to argue that this is simply "bad character" 404 (b) evidence. The Government argues the accounts are direct proof of the charged offenses and thus are admissible under Rules 401 and 402; as it is proof of Hernandez's identity and *modus operandi*. They argue the accounts are direct evidence of Hernandez's guilt because the evidence will show that all 199 of the accounts went inactive the moment he was arrested on August 3, 2017.

As noted above, that parties have stipulated to authenticity. The Court has reviewed a sampling of the proffered evidence and is persuaded that it relates to the charged offenses and thus, the evidence is relevant. The Court also concludes that the Government has laid a sufficient foundation of direct or circumstantial evidence to support its assertion that Hernandez authored the messages in the social media and email accounts, and therefore, the messages are not hearsay because they are statements of a party opponent. However, in determining admissibility, the Court must also weigh the Rule 403 factors.

In explaining that the danger of unfair prejudice substantially outweighs the probative value that the Government is relying on to prove identity, Hernandez argues:

> this case primarily deals with highly inflammatory and emotionally stirring allegations and evidence - the computer victimization of seven teen girls and their family members or acquaintances. By introducing extrinsic evidence of other uncharged, prior bad acts allegedly committed by this Defendant to the jury, there is

a real possibility that the jury could become so upset with defendant and think of him as a monster that has hundreds of other victims who should be convicted not simply based on the direct evidence, but from the overwhelming amount of other uncharged conduct evidence too.

([Filing No. 97 at 3](#)).

For their part, the Government explains it does not intend to introduce into evidence the contents of all 199 accounts because it would be too voluminous, and it is not necessary. It intends to introduce some of the contents of only 42 accounts and the existence of the other accounts to show identity and *modus operandi*.

Having determined that the Government has laid a sufficient foundation of direct or circumstantial evidence to support its assertion that Hernandez authored the messages in the social media and email accounts, the Court finds the messages are not hearsay because they are statements of a party opponent. In offering particular exhibits at trial, the Government should limit their offer of uncharged conduct that it believes carries the greatest weight. To reduce the danger of unfair prejudice, the Court will not allow into evidence, an "overwhelming amount of other uncharged conduct evidence."

### III. CONCLUSION

The social media and email account evidence in Exhibits 1-199 will be offered to directly prove the charged offenses, and the evidence relates to those charges; thus, the evidence is relevant. As noted above, the parties stipulated to the exhibits' authenticity and the evidence is not hearsay. At this preliminary stage, the Court provisionally admits the exhibits, allowing Hernandez to challenge admissibility during the course of the trial. For the reasons stated above, the Court **GRANTS** the Government's Motion *in Limine* and provisionally admits Exhibits 1–199, ([Filing No. 95](#)), with the understanding that the Government will offer the contents of a limited number of these accounts.

An order *in limine* is not a final, appealable order. If the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 2/4/2020

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE
kristina.korobov@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE
tiffany.preston@usdoj.gov