UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:17-cr-00183-TWP-TAB |
| ) | |
| BUSTER HERNANDEZ, ) | |
| (a.k.a. Brian Kil, Brianna Killian, Brian Mil, Greg ) | |
| Martain, Purge of Maine, uygt9@hushmail.com, ) | |
| jare9302@hushmail.com, Dtvx1@hushmail.com, ) | |
| Leaked_hacks1, Closed Door, Closed Color, Clutter ) | |
| Removed, Color Rain, Plot Draw, and Invil Cable, ) | |
| ) | |
| Defendant. ) | |

## AGREED MOTION TO CONTINUE SENTENCING HEARING

The United States of America, with the agreement of the defendant, Buster Hernandez, through his counsel, moves the Court pursuant to Local Rule 7-1 for a continuance of the sentencing hearing in this case. In support of this request, the government proffers the following:

1. On April 9, 2019, the defendant was charged by Superseding Indictment with Production of Child Pornography, Coercion and Enticement of a Minor, Distributing and Receiving Child Pornography, Threat to Use Explosive Device, Threats and Extortion, Threats to Kill, Kidnap, and Injure, Witness Tampering, Obstruction of Justice, and Retaliation Against a Witness or Victim. [DKT 44].

2. On February 7, 2020, the defendant filed a petition to plead guilty to the above-referenced charges. [DKT 132].

3. On April 13, 2020, this Court entered an order "in response to the recent outbreak of Coronavirus Disease 2019 (COVID-19) in the United States of America, and specifically within

the Southern District of Indiana." *See generally In re: Court Operations Under the Exigent Circumstances Created by Covid-19 and Related Coronavirus*, General Order (S.D. Ind. May 12, 2020). The Court's General Order stated that "Current Court operations present substantial health risks to the public." *Id.* at 1. The Order likewise found that "[s]uch risks may be significantly mitigated by temporarily modifying Court operations" and that "[g]ood cause exists to implement temporary changes to Court operations." *Id.*

4. In light of the public health risks posed by certain in-person court proceedings and in line with the Court's April 13 General Order, a continuance of the sentencing hearing is appropriate in this case. Continuing a sentencing hearing is within this Court's discretion. *See United States v. Rinaldi*, 461 F.3d 922, 928 (7th Cir. 2006); *Zambrella v. United States*, 327 F.3d 634, 638 (7th Cir. 2003). *See Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990).

5. Particularly, this matter concerns sentencing Mr. Hernandez following his conviction of 40 counts of conviction involving child exploitation and other serious offenses. As set forth in the Superseding Indictment, and included in the factual basis establishing Mr. Hernandez's guilty plea filed on February 7, 2020, the offense involves numerous victims, many of whom (approximately 15 or more) wish to be heard by the Court at sentencing pursuant to Crime Victims' Rights Act. Subsequent to his guilty plea, both counsel and Mr. Hernandez have had ongoing discussions about the evidence in the case and its potential impact on arguments concerning mitigating or aggravating circumstances.

6. Because a continuance in this case not only is in the public interest but also will not prejudice the defendant, the Court should continue the sentencing hearing until after the public health risk in this district has passed. *See Rinaldi*, 461 F.3d at 928-29.

7. Under the circumstances the Court described in its General Order, any delay in sentencing will not run afoul of due process concerns. *Cf. Betterman v. Montana*, 136 S. Ct. 1609, 1617 (2016) (describing due process as a backstop against undue and "exorbitant" delay in sentencing); *United States v. Yupa Yupa*, --- F. App'x ---, 2019 WL 6492503, at *2 (7th Cir. Dec. 3, 2019) (applying *Betterman* to deny due process claim relating to sentencing delay).  Likewise, given the necessity for the continuance in this case, the continuance will not run afoul of Federal Rule of Criminal Procedure 32(b)'s dictate that a "court must impose sentence without unnecessary delay."] Finally, a continuance serves the ends of justice and will not violate the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.  To the extent a speedy trial issue might arise, the circumstances described in the Court's General Order serve the ends of justice and are a compelling basis for the requested continuance.  *See* 18 U.S.C. § 3161(h)(7).

8. Mr. Hernandez and his counsel join in this motion and waive any objection to the continuance.

For the reasons above, the parties respectfully request an order from the Court continuing the plea and sentencing hearing in this case in the interest of justice and for the reasons outlined in the Court's General Order relating to COVID-19 and the Coronavirus.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:    s/*Tiffany J. Preston*
        Tiffany J. Preston
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-6125
        Tiffany.Preston@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2020, a copy of the foregoing Agreed Motion to Continue was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204
Telephone: 317-226-6333

By:    s/*Tiffany J. Preston*
       Tiffany J. Preston
       Assistant United States Attorney